# United States Court of Appeals
## For the First Circuit

No. 01-2533

ELMORE THOMPSON and PAULA M. THOMPSON,

Plaintiffs, Appellants,

v.

IRWIN HOME EQUITY CORP. and IRWIN UNION BANK & TRUST CO.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Ernest C. Torres, U.S. District Judge]

Before

Boudin, Chief Judge,
Bownes, Senior Circuit Judge,
and Lipez, Circuit Judge.

Christopher M. Lefebvre, with whom Daniel A. Edelman, Law Offices of Claude Lefebvre & Sons, and Edelman, Combs & Latturner, LLC, were on brief, for appellants.

R. Bruce Allensworth, with whom Irene C. Freidel, Kirkpatrick & Lockhart LLP, Steven E. Snow, and Partridge Snow & Hahn LLP were on brief, for appellees.

August 20, 2002

**LIPEZ**, **Circuit Judge**.  Elmore Thompson and Paula M. Thompson appeal from the judgment of the district court requiring them to arbitrate their Truth in Lending Act claims against defendants Irwin Union Bank & Trust Company and Irwin Home Equity Corporation.  Seeing no reason why the claims should not be arbitrated, we affirm.

## I.

On August 29, 2000, the Thompsons obtained a mortgage loan of $11,000 from Irwin Union Bank & Trust Company at a disclosed annual percentage rate of 15.9%.  The loan, which was assigned to Irwin Home Equity Corp. for servicing,[1] was secured by the Thompsons' home, and was not made in connection with the initial acquisition or construction of the home.  Hence the transaction was subject to the right of rescission provided by the Truth in Lending Act (TILA), 15 U.S.C. § 1635, which grants the borrower an unconditional right of rescission for the first three days following the consummation of the transaction, along with a conditional right of rescission if the creditor fails to deliver certain forms and to disclose certain information, including notice of the right to rescind itself.  The statute puts a three-year time limit on the exercise of the conditional rescission right.  Id. § 1635(f).

On April 24, 2001, the Thompsons commenced this action in federal district court, claiming that Irwin had violated TILA by

---

[1]  We refer to the two defendants as "Irwin."

failing to notify them of their right to rescind, as required by 15 U.S.C. § 1635(a). The Thompsons take issue with Irwin's delivery of blank notices of the right to rescind -- that is, generic forms without the pertinent dates filled in -- accompanied by "Instructions for Completing the Notice of Right to Cancel." In their view, this "do-it-yourself disclosure scheme" does not constitute adequate notice of the right to rescind. Their complaint seeks rescission of the loan agreement and damages.

In June of 2001 Irwin filed a motion to compel arbitration, pursuant to a provision in the loan agreement that "[a]ny controversy or claim . . . arising out of or relating to this Agreement . . . shall be determined by binding arbitration." In October of 2001 the district court entered an order compelling arbitration and dismissing the case. The Thompsons appeal from that order.

## II.

The Thompsons argue that the district court erred in compelling arbitration because they had rescinded their loan agreement with Irwin pursuant to TILA, 15 U.S.C. § 1635(a) (providing that borrower may rescind loan transaction by notifying creditor of intention to do so).[2] In their view, "[r]escission pursuant to § 1635 is automatic, and results in the consumer having

---

[2] In their brief to this court the Thompsons claim to have notified Irwin a few weeks prior to the commencement of this litigation of their purported rescission of the loan agreement. Irwin points out that the Thompsons do not allege this in their complaint, nor is there evidence in the record of such notice having been given.

-3-

no further obligation to the lender.  Given the fact that the entire transaction was rescinded, the arbitration clause, which was contained in the fine print of the rescinded contract, no longer existed."

In Large v Conseco Finance Servicing Corp., 292 F.3d 49 (1st Cir. 2002), on facts materially indistinguishable from the facts here, we rejected the argument that a demand for rescission under TILA is somehow self-executing and results in the automatic voiding of the loan agreement.  We explained:

> Neither the statute nor the regulation establishes that a borrower's mere assertion of the right of rescission has the automatic effect of voiding the contract. . . .  If a lender disputes a borrower's purported right to rescind, the designated decision maker -- here an arbitrator -- must decide whether the conditions for rescission have been met. Until such decision is made, the [borrower has] only advanced a claim seeking rescission. The agreement remains in force . . . .

Id. at 54-55.  Large thus forecloses the Thompsons claim that their demand for rescission had the automatic effect of invalidating the loan agreement.

As an alternative ground for avoiding arbitration, the Thompsons point to the following language in the arbitration agreement:

> Nothing contained in this Alternative Dispute Resolution provision shall limit the right of any party to this Agreement to exercise self-help remedies such as setoff or to obtain provisional or ancillary remedies from a court of competent jurisdiction before, after, or during the pendency of any arbitration or other proceeding.  The exercise of a remedy does not waive the right of either party to resort to arbitration.

The Thompsons take the view that rescission is a "self-help remedy" under TILA, and is therefore not subject to arbitration.[3]

A "self-help remedy" is a remedy "not obtained from a court, such as repossession." Blacks Law Dictionary 1297 (7th ed. 1999). The loan agreement provides that "[t]he exercise of a remedy does not waive the right of either party to resort to arbitration." Given this clear language, the Thompsons' attempt to exercise their right to rescind does not affect Irwin's right to have an arbitrator decide whether there are indeed grounds for rescission. Assuming arguendo that the Thompsons' demand for rescission of the loan agreement under TILA constitutes a self-help remedy, the same cannot be said of their subsequent commencement of litigation in federal district court challenging Irwin's refusal to cooperate with their attempt at self-help. That litigation is unmistakably governed by the arbitration clause.

## III.

The Thompsons also take issue with a provision in the arbitration agreement that "[t]he prevailing party in an arbitration shall be entitled to reasonable attorney's fees." They argue that this provision deprives them of their statutory right, as they see it, to pursue a TILA action with the prospect of recovering their attorney's fees if they prevail, but with no risk

---

[3] The Thompsons also suggest that rescission is an "ancillary" remedy, although they do not explain what this means. We note simply that the voiding of the entire loan agreement cannot logically be deemed an "ancillary" remedy for a violation of TILA's disclosure requirements.

of having to pay Irwin's attorney's fees if they are unsuccessful. 15 U.S.C. § 1640(a)(3).[4] They point out that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985). The Thompsons argue that the provision permitting prevailing creditors to recover attorney's fees is inconsistent with the remedial goals of TILA, a statute designed "to vest considerable enforcement power in 'private attorneys general,' individual borrowers who by suing lenders for alleged violations could achieve widespread compliance without government intervention." Bizier v. Globe Fin. Servs., Inc., 654 F.2d 1, 2 (1st Cir. 1981). In their view, the attorney's fees provision in the arbitration agreement taints the entire arbitration agreement and renders it unenforceable.

We will not address the merits of that argument here, including the Thompson's reading of the meaning of the attorney's fees provision of the TILA. "A court compelling arbitration should

_____

[4] TILA provides, in relevant part:

any creditor who fails to comply with any requirement . . . under [15 U.S.C. § 1635] . . . with respect to any person is liable to such person in an amount equal to the sum of -- . . . (3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court . . . .

15 U.S.C. § 1640(a).

decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided. . . . Whether federal public policy prohibits an individual from waiving certain statutory remedies is an issue that may be raised when challenging an arbitrator's award." Larry's United Super, Inc. v. Werries, 253 F.3d 1083, 1085-86 (8th Cir. 2001) (internal quotation marks omitted); accord Metro E. Ctr. for Conditioning and Health v. Qwest Communications Int'l, Inc., 294 F.3d 924, 929 (7th Cir. 2002) (explaining that "the arbitrator determines whether contractual limitations on remedies are valid"); Great W. Mortgage Corp. v. Peacock, 110 F.3d 222, 230-31 (3rd Cir. 1997) ("[A] court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided. . . . Any argument that the provisions of the Arbitration Agreement involve a waiver of substantive rights afforded by the . . . statute may be presented in the arbitral forum."). But see Perez v. Globe Airport Sec. Servs., Inc., 253 F.3d 1280, 1285-87 (11th Cir. 2001) (denying defendant's motion to compel arbitration because arbitration agreement required plaintiff to waive her statutory right under Title VII to recover fees and costs if she prevailed) (vacated per stipulation, 294 F.3d 1275 (2002)); Graham Oil Co. v. Arco Prods. Co., 43 F.3d 1244, 1247-48 (9th Cir. 1995) (reversing district court's decision to compel arbitration on ground that provision in arbitration agreement deprived plaintiff of statutory right).

Our refusal to decide the validity of the attorney's fees provision at this time is consistent with our opinion in <u>Rosenberg</u> v. <u>Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 170 F.3d 1 (1st Cir. 1999). There, the defendant employer appealed the district court's denial of its motion to compel arbitration of Rosenberg's discrimination claim. Although we affirmed the district court's decision on other grounds, we first rejected Rosenberg's argument that she could not be required to arbitrate her claim because the rules under which the arbitration would be conducted might require her to pay unreasonable forum fees. <u>Id.</u> at 15-16. We suggested that if an arbitrator were in fact to award unreasonable fees against Rosenberg, she could then proceed to challenge the award in federal court. <u>Id.</u> at 16. However, since no such award had yet been made, we explained that the issue "is not presented by this case." <u>Id.</u>

Arbitration is the correct initial forum for the Thompsons to air their objection to the attorney's fees provision in the arbitration agreement. If an arbitrator does award attorney's fees against the Thompsons, the district court would then be in a position to hear their argument that the challenged provision on attorney's fees is unenforceable because it deprives them of a statutory right.

**<u>Affirmed.</u>**