**In re Eugene E. LAROCQUE,
II, Debtor.**

**Eugene E. Larocque, II, Plaintiff,**

**v.**

**CitiFinancial Mortgage Company–
TX, Defendant.**

**Bankruptcy No. 01–13852.
Adversary No. 02–1019.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 17, 2002.

Omajede in state court (*See* Docket No. 18, exhibit C).

Christopher Lefebvre, Esq., Pawtucket, RI, for Debtor/Plaintiff.

Patricia A. Sullivan, Esq., Edwards & Angell, LLP, Providence, RI, for Defendant.

John Boyajian, Esq., Boyajian, Harrington & Richardson, Providence, RI, Chapter 13 Trustee.

## ORDER DENYING MOTION TO COMPEL ARBITRATION

ARTHUR N. VOTOLATO, Bankruptcy Judge.

Heard on Defendant CitiFinancial Mortgage Company–TX's (CitiFinancial) Motion for Relief from Stay, and to Compel Arbitration of the Plaintiff's claims against CitiFinancial. The Debtor/Plaintiff's adversary proceeding is grounded on alleged Federal Truth in Lending Act (TILA) violations, and those same claims have been asserted as an objection to CitiFinancial's Proof of Claim filed in this Chapter 13 case. At issue are: the proper forum for this dispute, and the enforceability of an arbitration clause.

## BACKGROUND

The Debtor brought this adversary proceeding to enforce an extended right of rescission under TILA, and for a determination that CitiFinancial's mortgage on his home is void. In response, CitiFinancial asks the Court to compel arbitration of the TILA claim, based upon the arbitration clause in the original mortgage, and in accordance with the Federal Arbitration Act (FAA), *see* 9 U.S.C. §§ 1–14, i.e., that a controversy or claim arising out of or relating to the mortgage agreement between it and Larocque must be resolved (by arbitration) in accordance with the provisions of the FAA. CitiFinancial also contends that the TILA claim is non-core, but that even if found to be a core proceeding, it should nonetheless be arbitrated. Finally, CitiFinancial argues that the strong federal policy favoring arbitration does not conflict with the policies of the Bankruptcy Code and that as a discretionary matter the arbitration clause should be enforced.

Larocque counters that a conflict between the Bankruptcy Code and the FAA should be resolved by the Bankruptcy Court exercising its discretion to reject the arbitration agreement, and that retaining Bankruptcy Court jurisdiction over this dispute as a core matter comports with the objectives of the Bankruptcy Code. Confirmation of Larocque's Chapter 13 Plan has been deferred until this dispute is resolved.

## DISCUSSION

Here, where the dispute involves an agreement containing such a clause, the first question is whether arbitration is mandatory, or whether there is discretion as to how the dispute gets adjudicated. In resolving that issue it is necessary to consider two competing Federal statutes, the Federal Arbitration Act, and the Bank-

ruptcy Code, by weighing the policy objectives of the FAA and the Bankruptcy Code, within the context of the bankruptcy case.

 Many courts have held, and I agree, that where these two Federal directives collide, the bankruptcy court has discretion to either deny or compel arbitration. See *In re Hemphill Bus Sales, Inc.*, 259 B.R. 865 (Bankr.E.D.Tex.2001); *In re National Gypsum Co.*, 118 F.3d 1056, 1069 (5th Cir.1997) ("[a] bankruptcy court retains significant discretion to assess whether arbitration would be consistent with the purpose of the Code, including the goal of centralized resolution of purely bankruptcy issues, the need to protect creditors and reorganizing debtors from piecemeal litigation, and the undisputed power of a bankruptcy court to enforce its own orders."); *In re Chorus Data Systems, Inc.*, 122 B.R. 845, 851 (Bankr. D.N.H.1990) (if arbitration would disrupt the many policies expressed in the Bankruptcy Code, a bankruptcy judge may exercise his/her sound discretion to determine whether arbitration agreements should be enforced). Here, the resolution of the TILA issue will clearly affect the Debtor, as well as the plan he will be able to propose, and ultimately creditors. Therefore, it is well within the Court's discretion to retain the litigation, and in this case it would likely be an abuse of said discretion not to do so.

 I also conclude that this adversary proceeding is a core matter, which strongly favors it staying in the Bankruptcy Court. Core functions of the bankruptcy court include centralizing "all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas.'" *United States Lines, Inc. v. American Steamship Owners Mutual Protection and Indemnity Association, Inc. (In re United States Lines, Inc.)*, 197 F.3d 631, 637–40 (2nd Cir.1999) (*citing Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 989 (2nd Cir.1990)). Additionally, the bankruptcy court has broad, well-established powers under § 157 to promote and facilitate the reorganization process.

In *Hemphill, 259 B.R. at 870*, the court held that if the underlying dispute involved a "substantive right peculiar to the bankruptcy context which can neither be abrogated nor ignored ... [and] the resolution is integral to the Debtor's successful reorganization ... [then] the underlying nature of the dispute is not limited to a mere 'contractual dispute...' [and is] a matter involving both substantive rights and public policy that do not arise outside of bankruptcy law," and that "matters involving rights exclusively derived from the Bankruptcy Code are core proceedings under 28 U.S.C. § 157(b)(2)." *Id.*

In reaching his conclusions in *Hemphill,* Judge Sharp referenced this Court's decision in *In re Guild Music Corp.*, 100 B.R. 624, 627 (Bankr.D.R.I.1989), where we said: "in matters involving core bankruptcy issues ... and particularly, where the ... debtor is likely to be successful in its reorganization, the Bankruptcy Code 'impliedly modifies' the Arbitration Act," and that the "underlying nature of this dispute goes to the very heart and purpose of the Bankruptcy Code: the expeditious and equitable distribution of the assets of the debtor's estate and the Debtor's opportunity for a fresh start." *In re Hemphill,* 259 B.R. at 871. As in *Hemphill* and *Guild,* the resolution of this dispute will establish whether CitiFinancial is a secured or unsecured creditor in the bankruptcy case, thereby affecting how creditors will share in the Debtor's assets, and in what priority. Clearly, this is a core proceeding un-

der *Hemphill* or under any reasonable view.[1]

For the foregoing reasons, CitiFinancial's Motion for Relief from Stay and To Compel Arbitration is DENIED.

Enter judgment consistent with this Order.

---

1. While this order was in draft, CitiFinancial sent the Court a copy of the recent First Circuit Court of Appeals decision in *Thompson v. Irwin Home Equity Corp.,* 300 F.3d 88 (1st Cir.2002). I have reviewed *Thompson* and find that it is distinguishable because it did not occur in a bankruptcy setting.