# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

Nos. 01-4124, 01-4147 & 01-4148

GLENN A. HAWKINS and NEDRA J. HAWKINS,

*Plaintiffs-Appellants*,

v.

AID ASSOCIATION FOR LUTHERANS,

*Defendant-Appellee*.

———————

AID ASSOCIATION FOR LUTHERANS,

*Plaintiff-Appellee*,

v.

MARTIN F. RADMER, et al.,

*Defendants-Appellants*.

———————

Appeals from the United States District Court
for the Eastern District of Wisconsin.
Nos. 00-C-1327 & 99-C-1205—**Charles N. Clevert, Jr.**, *Judge*.

———————

ARGUED MAY 30, 2002—DECIDED AUGUST 5, 2003

———————

Before FLAUM, *Chief Judge*, and HARLINGTON WOOD, JR.,
and MANION, *Circuit Judges*.

FLAUM, *Chief Judge*.  Three groups of plaintiffs filed
putative class actions against Aid Association for Lutherans
("AAL"), a fraternal benefit society that provides them with

life insurance, alleging that AAL engaged in fraudulent sales practices. These policyholders want their claims resolved in a judicial forum, but a federal district court ordered them to arbitration. We affirm.

## I. BACKGROUND

Located in Appleton, Wisconsin, AAL is a fraternal benefit society, *i.e.*, a nonprofit, nonstock, membership organization with a representative governing system, *see* Wis. Stat. § 614.01, that provides life insurance and other benefits to its members. Like other fraternal benefit societies, AAL is not regulated by the same laws as commercial insurance companies. Instead, every state, including Wisconsin, has a regulatory scheme that governs these organizations based on a Model Fraternal Code. *See id.* §§ 614 *et seq.*, 632 *et seq.* While commercial insurers utilize "closed" contracts, *i.e.*, self-contained agreements with set terms, fraternal benefit societies employ "open" contracts. Open contracts are memorialized by the member's application, the insurance certificate, and the society's articles of incorporation and bylaws. Central to this dispute, open contracts also explicitly recognize that the articles of incorporation and bylaws are subject to change, and that any subsequent amendment to them is incorporated into the preexisting open contract as long as it does not destroy or diminish the benefits promised in the original contract. *See id.* § 632.93(1)-(2). As required by Wisconsin law, AAL's life insurance contracts specify that AAL's articles of incorporation and bylaws are part of the agreement and state explicitly that any subsequent amendments to the bylaws are binding on the policyholder.

When the plaintiffs purchased their policies, AAL's bylaws did not prescribe a means for resolving disputes. In March 1999, however, AAL's Board of Directors amended the organization's bylaws to include a mandatory arbitra-

tion provision. Under the amended bylaws, binding arbitration is the sole means to resolve any dispute with AAL. The arbitration program has three steps. If the first two steps ("appeal" and "mediation") fail, the parties proceed to binding arbitration in accordance with American Arbitration Association ("AAA") rules. AAL pays the costs of arbitration, but does not pay for the member's attorney's fees.

In April 1999 AAL filed its amended bylaws with the Wisconsin Commissioner of Insurance pursuant to Wis. Stat. § 614.12(4). It also filed certified copies of the amended bylaws with the requisite government department in each of the plaintiffs' home states. In May 1999 AAL published a brief synopsis of the new mediation program in *Correspondent*, its official publication.

In August 1999 Martin Radmer and three other policyholders (the "Radmer plaintiffs") filed a class action against AAL in Missouri state court, alleging that AAL had engaged in illegal churning by encouraging them to borrow against their current policies to purchase new ones to their detriment. *See IDS Life Ins. Co. v. Royal Alliance Assocs., Inc.*, 266 F.3d 645, 652 (7th Cir. 2001). AAL removed the case on diversity grounds, 28 U.S.C. § 1332, but a federal district court in Missouri remanded the case to state court because not every plaintiff satisfied the amount-in-controversy requirement. In October 1999 AAL filed a petition in a federal district court in Wisconsin to compel the Radmer plaintiffs to arbitrate their claims pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* ("FAA"). The Radmer plaintiffs filed a motion to dismiss for lack of jurisdiction, which the court denied.

In November 1999 another policyholder, Charles Sattler, filed his own class action (the "Sattler plaintiffs") in Illinois state court, asserting similar allegations against AAL. AAL removed the case to a federal district court in Illinois, and then amended its petition in the Eastern District of Wis-

consin, which sought to compel the Radmer plaintiffs to arbitrate, to include the Sattler plaintiffs. The federal district court in Illinois then transferred the Sattler plaintiffs' action to the federal district court in Wisconsin under 28 U.S.C. § 1404(a).

In July 2000 AAL was sued again, this time by policyholders Glenn and Nedra Hawkins (the "Hawkins plaintiffs"), who filed a class action in Indiana state court that was similar to the suits filed by the Radmer and Sattler plaintiffs in Missouri and Illinois. AAL removed the case to federal district court in Indiana. The Hawkins plaintiffs challenged removal, but the district court denied their motion and transferred the case under § 1404(a) to the Eastern District of Wisconsin. AAL then moved to compel the Hawkins plaintiffs to arbitrate.

The district court in Wisconsin ultimately granted AAL's petitions to compel arbitration of the Radmer, Sattler, and Hawkins plaintiffs' claims. The court also dismissed without prejudice the underlying complaints filed by the Sattler and Hawkins plaintiffs, ordering the parties to take no further action in any court until the completion of arbitration. In response, the Missouri state court then stayed the underlying Radmer case. This court consolidated the appeals of all plaintiffs.

## II. DISCUSSION

### A. Jurisdiction

Appellants first challenge the federal court's subject matter jurisdiction. The Hawkins plaintiffs assert that the district court did not have jurisdiction under 28 U.S.C. § 1332(a)(1) because their claims did not exceed $75,000. The court believed that the amount-in-controversy threshold had been met because the value of the Hawkins plaintiffs' policies surpassed $75,000, but the Hawkins plaintiffs

insist this was error because they are not seeking the full cash value of the policies. We agree with the district court. The Hawkins plaintiffs are not only seeking money damages, but are also attacking the validity of their policies by seeking to nullify the arbitration provisions and to enjoin AAL from cancelling policies of class members who fail to pay premiums. And as AAL correctly points out, when the validity of a policy (as opposed to the insurer's obligation to pay) is in dispute, the face value of that policy is a proper measure of the amount-in-controversy. *Keck v. Fid. & Cas. Co. of N.Y.*, 359 F.2d 840, 841 (7th Cir. 1966). *See also Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997); *Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996); *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996). Accordingly, we find that the court had subject matter jurisdiction to compel the Hawkins plaintiffs to arbitration.

Next, the Radmer plaintiffs assert that the district court did not have subject matter jurisdiction over their claims because it was required to give preclusive effect to the Missouri district court's prior remand. The Missouri district court returned the case to state court because not every plaintiff satisfied § 1332(a)'s amount-in-controversy threshold. This remand, however, was not entitled to preclusive effect because it was unappealable under 28 U.S.C. § 1447(d). *See Benson v. SI Handling Sys.*, 188 F.3d 780, 783 (7th Cir. 1999). Moreover, the ruling was contrary to this circuit's precedent, which holds that when one named plaintiff meets the minimum amount-in-controversy threshold, a district court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining plaintiffs' claims, even if their individual claims do not exceed that amount. *See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997).

**B.  Arbitrability**

We now turn to the central controversy of this case—whether the district court erred by ordering Appellants to submit their claims to arbitration. We review *de novo* the court's decision to compel arbitration based on its finding that the parties entered into an enforceable agreement. *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997). Federal policy strongly favors arbitration, as embodied in the FAA. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 (1985); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 662 (7th Cir. 2002). Arbitration is a matter of contract—no party can be required to arbitrate a claim if they have not agreed to do so. *Harter v. Iowa Grain Co.*, 220 F.3d 544, 553 (7th Cir. 2000). Whether the parties agreed to arbitrate is a matter of state contract law. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002). Here, we look to Wisconsin law because the district court applied it below, a decision unchallenged by the parties on appeal. *See Kritikos v. Palmer Johnson, Inc.*, 831 F.2d 418, 421 (7th Cir. 1987).

**1.  Unconscionability**

Appellants' primary argument is that the arbitration provision is unconscionable and therefore invalid. Specifically, they complain that they should not have to arbitrate their claims because they had no opportunity to review, negotiate, or comment on the AAL Board's mediation program. But unlike policyholders of private insurance companies, members of fraternal benefit societies expressly delegate decision-making power to their elected representatives:

> As long as he remains a member, the terms of his membership, including obligations and benefits relating to the insurance funds of the society, are subject to change without his individual consent. The control over those

terms is vested by him and his fellow members in the elected representative government of their society as authorized and regulated by the law of [the State].

*Order of United Commercial Travelers of Am. v. Wolfe*, 331 U.S. 586, 606 (1947). Appellants here did not buy insurance from a private insurance carrier; they instead chose to become AAL members and entered into the type of open contract associated with fraternal benefit societies and required by Wisconsin law. *See* Wis. Stat. § 632.93(1)-(2). And in Wisconsin, agreements between a fraternal benefit society and its members include the society's bylaws, as well as any subsequent amendments, provided they do not destroy or diminish benefits promised in the policy. *Id.*

In this case Appellants do not even argue that the arbitration provision destroyed or diminished their benefits under the policy. Instead, they complain about losing their right to go to court. But Appellants cite no authority supporting the position that losing access to court destroys or diminishes the insurance benefits promised in the policy. Moreover, the preamendment version of the bylaws did not reserve the right to a judicial forum, it merely established a default limitations period for bringing suit. Accordingly, we agree with the district court that the AAL Board's decision to add the arbitration provision was permissible, and the fact that Appellants were not consulted is of no consequence. *See Geldermann, Inc. v. Commodity Futures Trading Comm'n*, 836 F.2d 310, 318 (7th Cir. 1987) (member who signed written agreement promising to abide by exchange rules and all subsequent amendments was bound by arbitration procedures later adopted by the exchange).

Appellants offer various other reasons why the arbitration provision is unfair. In their view, the arbitration clause is invalid because it requires certificate holders to arbitrate disputes against AAL, but does not require AAL to do the same. Under the modern rule of contract law,

however, "mutuality of obligation" is unnecessary if the purported contract is supported by consideration. *Klug v. Flambeau Plastics Corp.*, 214 N.W.2d 281, 285-86 (Wis. 1974) (contract does not lack mutuality merely because every obligation of one party is not met by an equivalent counter obligation of the other; rather, mutuality means sufficient consideration so that one promise may support another); *see also Restatement (Second) of Contracts* § 79 (1979). Appellants cite no binding authority suggesting that the contracts at issue here require mutuality of obligation in addition to consideration; therefore, their argument fails.

Appellants also contend that the arbitration provision is unconscionable because it limits the remedies available to them. Specifically, they complain that the clause is invalid because arbitration prohibits them from obtaining (1) injunctive relief, (2) compensatory damages, and (3) punitive damages and attorney's fees. Appellants' arguments are without basis. First, the AAL bylaws do not prohibit injunctive relief; indeed, the AAA Commercial Arbitration Rules empower the arbitrator to grant equitable relief. Second, the AAL bylaws specifically allow for the recovery of actual damages. And third, even though Appellants are correct that the arbitration procedures established by AAL do not provide for the recovery of attorney's fees or punitive damages, complaints about the unavailability of such remedies first must be presented to the arbitrator. In analyzing a motion to compel arbitration, courts must consider only the issues relating to arbitrability. *We Care Hair Dev., Inc. v. Engen*, 180 F.3d 838, 844 (7th Cir. 1999). "Once the court determines that an arbitration clause is enforceable, the status of the other contract terms is for the arbitrator to decide." *Id.* (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967)). Because the adequacy of arbitration remedies has nothing to do with whether the parties agreed to arbitrate or if the claims are within the scope of that agreement, these challenges must

first be considered by the arbitrator. *See Boomer v. AT&T Corp.*, 309 F.3d 404, 418 n.18 (7th Cir. 2002); *Bob Schultz Motors, Inc. v. Kawasaki Motors Corp., U.S.A.*, No. 02-2323, 2003 WL 21498876, at *3 (8th Cir. July 1, 2003); *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1261 (11th Cir. 2003); *Thompson v. Irwin Home Equity Corp.*, 300 F.3d 88, 92 (1st Cir. 2002); *Great W. Mortgage Corp. v. Peacock*, 110 F.3d 222, 230-31 (3d Cir. 1997); *cf. Metro E. Ctr. v. Qwest Communications, Inc.*, 294 F.3d 924, 929 (7th Cir.) (FCC is proper forum (instead of district court) to consider lawfulness of tariff with fee-shifting provision, though arbitrator may play role as well), *cert. denied*, 123 S. Ct. 707 (2002). The same reasoning applies to Appellants' complaint that they are prohibited from proceeding in arbitration as a class. *See Boomer*, 309 F.3d at 418 n.18.

Appellants further contend that federal district court is the appropriate forum to lodge their "limitation of remedy" grievance, relying on *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). Their reliance is misplaced. According to Appellants, *Gilmer* mandates that arbitration procedures offer remedies similar to those available in a judicial forum. But Appellants are mistaken—*Gilmer* merely holds that litigants may not waive their right to a judicial forum if they are litigating *federal statutory* claims and if Congress has evinced its intention to preclude such a waiver for the statutory rights at issue. Appellants here, however, are pursuing only state common-law claims and so *Gilmer*'s rule precluding waiver is not applicable.

Appellants next assert that AAL's arbitration provision is unconscionable because it is vague and arbitrary. According to Appellants, the provision is vague because it does not specify which set of AAA rules apply and it is arbitrary because the applicable AAA rules can be changed at any time. Appellants, however, failed to present these arguments to the district court; therefore they have waived

them on appeal. *Grayson v. City of Chicago*, 317 F.3d 745, 751 (7th Cir. 2003).

Finally, Appellants complain that arbitration robs them of their right to a jury trial. Unfortunately for Appellants, there is no constitutional right to a civil jury trial outside of an Article III forum. *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848-49 (1986); *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 368 (7th Cir. 1999). By acquiescing to the terms and conditions of their open contract with AAL, Appellants waived their right to a trial by jury and agreed to resolve their dispute through AAA arbitration procedures instead.

### 2.  Absence of Mutual Assent and Consideration

Appellants argue that they cannot be forced to arbitrate their claims because they did not assent to arbitration, nor did they provide any independent consideration for implementing the clause into their policies. But the addition of the arbitration provision was not an independent contract requiring mutual assent or consideration; rather, it was the policyholders' insurance contracts that created their obligations. *See Geldermann*, 836 F.2d at 318-19. And as discussed previously, these contracts explicitly bound Appellants to subsequent changes in AAL's bylaws. *See id.* Since these agreements were supported by ample consideration—the policyholders received life insurance coverage and access to other fraternal benefits provided by AAL—the district court correctly concluded that the insurance contracts are not invalid for lack of mutual assent and consideration.

### 3.  Notice

Appellants next contend that the arbitration provision is invalid because the AAL failed to give proper notice of the

amended bylaw. Section 26 of AAL's bylaws states that "all amendments to the Articles of Incorporation and Bylaws of the Association shall be published in *Correspondent* not later than four months after the date of filing such amendments with the Commissioner of Insurance of the State of Wisconsin." (App. 113.) Although AAL did not publish the text of the amended bylaws, it did publish a timely synopsis of the new procedures, which the district court concluded was in substantial compliance with the bylaws. Disputes between a voluntary association and its members are governed by the law of contracts, with the bylaws creating legally enforceable obligations. *Austin v. Am. Ass'n of Neurological Surgeons*, 253 F.3d 967, 968 (7th Cir. 2001). And in contract law, substantial compliance with contractual duties is often compliance enough. *Employers Ins. of Wausau v. Browner*, 52 F.3d 656, 664 (7th Cir. 1995). Appellants cite no legal authority contradicting the district court's application of the general rule that substantial compliance is enough, nor do they explain how they were harmed by the notice provided. Therefore, we agree with the district court's conclusion that AAL's failure to publish the full text of the bylaw amendment should not invalidate the arbitration provision.

### 4. Failure to Comply With Missouri Law

Finally, the Sattler plaintiffs argue that AAL violated Missouri law by not obtaining preapproval of the insurance contracts from that state's director of insurance. But because this argument was never presented to the district court, it is now waived. *See Grayson*, 317 F.3d at 751.

Though Appellants present other contract defenses and jurisdictional arguments on appeal, these remaining issues are either undeveloped or frivolous and do not merit further discussion.

### III. CONCLUSION

Because AAL is a fraternal benefit society, it is governed by different laws than private insurance companies. Accordingly, members who enter into insurance contracts with AAL are subject to its bylaws and any changes to those bylaws, provided such changes do not destroy or diminish the benefits promised. Appellants here agreed to be bound by these rules when they purchased insurance from AAL and therefore must accept the consequences of their agreements, including the requirement that they arbitrate their claims. The judgments of the district court are AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*

USCA-02-C-0072—8-5-03