**Melichsia BOSS, Plaintiff–Appellant,**

v.

**ROCK COUNTY, WISCONSIN, Defendant–Appellee.**

Nos. 04–1085, 04–1251.*

United States Court of Appeals, Seventh Circuit.

---

* Although this case has two docket numbers, there is only one underlying appeal. The second number was assigned when the appellant filed an second notice of appeal, the first one having been unsigned. The appellant was granted leave to proceed *in forma pauperis* in the first appeal. We waive the filing fee for the second.

Submitted May 25, 2004.**

Decided May 25, 2004.

May 26, 2004.

Before BAUER, EASTERBROOK, and WILLIAMS, Circuit Judges.

## ORDER

Melichsia Boss worked for ten months as Transportation Supervisor for the Rock County Council on Aging. Her main task was dispatching drivers for the Council's transportation programs. Her job performance was eventually deemed inadequate, and she was fired. She sued the county under Title VII, alleging a hostile work environment, disparate treatment, and retaliation. She presented evidence that some of the drivers she worked with (who were independent contractors rather than county employees) called her a "black ghetto girl," told her that she was hired only because of her race, and imitated her accent in an offensive manner. She also claimed that she was denied training opportunities because of her race and that she was fired because she filed a complaint with the EEOC.

Responding to the suit, the county noted that the Director of Elderly Services, Joyce Lubben, had successfully demanded an end to the drivers' slurs after Boss complained. The county also declared that Boss was denied training because of lack of funds, and that poor performance was the reason for her termination. The district court granted summary judgment for the county, finding no evidence, either direct or indirect, that the decisions about Boss's training and termination were discriminatory. As for the racially derogatory comments, the court concluded that they did not rise to the level of a hostile work environment.

Boss's primary argument on appeal is that the district court failed to appreciate the offensiveness of the drivers' racial slurs. But even if that is so, the record clearly shows that when Boss complained about those slurs, Lubben acted promptly and effectively to put an end to them and thus satisfied the county's obligation under Title VII. *See Wyninger v. New Venture*

---

** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

*Gear, Inc.,* 361 F.3d 965, 977—78 (7th Cir.2004); *Berry v. Delta Airlines, Inc.,* 260 F.3d 803, 812—13 (7th Cir.2001). Boss's other challenges to the district court's decision are undeveloped and do not merit further consideration. *See Hawkins v. Aid Ass'n for Lutherans,* 338 F.3d 801, 809 (7th Cir.2003).

AFFIRMED.