DLD-131                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4616
_____

RHONSHAWN JACKSON,
                                        Appellant

v.

SGT. MR. TAYLOR, Property Sgt.; ENGLISH, P. Officer; R.H.U. L.T.; R.H.U. SGT.;
MAJOR OF THE GUARDS; DAVID J. CLOSE; RANDALL BRITTON; DORETTA
CHECCHARICH, Supt. Assistant, Grievance Coordinator; TPR FERGUSON; Grievance
Officer; MOORE-SMEAL; MAJOR HORTON; MR. BLAKE; DPT. KESSLING; E.
TICE; MAJOR HOLLIBAUGH; PA DEPT. OF CORRECTIONS; JEFFREY BEARD
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-11-cv-00265)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 8, 2012
Before: AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: March 13, 2012)
_____

OPINION
_____

PER CURIAM

        On March 19, 2009, Pennsylvania inmate Rhonshawn Jackson was involved in an

altercation with a guard at SCI Houtzdale. Jackson was placed into restricted housing and was transferred to SCI Huntingdon the following day. Upon learning that some of his property—including personal and religious items—had been destroyed as contraband prior to being shipped to Huntingdon, Jackson attempted to right this perceived wrong by pursuing administrative grievances; having failed to obtain administrative relief, Jackson filed suit, alleging that the defendants (employees of the Pennsylvania Department of Corrections) had violated his constitutional rights by improperly disposing of his property. Jackson invoked 42 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as the Americans With Disabilities Act, the Rehabilitation Act, and Pennsylvania state law.

Following a protracted discovery period, the defendants moved for summary judgment.[1] The Magistrate Judge recommended that the suit be dismissed in part pursuant to 28 U.S.C. § 1915A and that summary judgment be granted for the defendants on the remaining claims. Overruling Jackson's objections, the District Court adopted the recommendations, and this appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. "Our scope of review over the district court's order dismissing parts of the complaint and granting summary judgment is plenary." Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990). "We may affirm for any reason supported by the record, even if not relied on by the District Court." Otto v. Pa. State Educ. Ass'n-NEA, 330 F.3d 125, 140 n.17 (3d Cir. 2003).

---

[1] We have simplified the somewhat unusual procedural history of the case in the District Court, as it is not germane to the present appeal.

In their summary-judgment motion, the defendants argued that Jackson had failed to exhaust his administrative remedies before filing suit, as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Jackson's final grievance appeal, they noted, was initially rejected on July 13, 2009, as he had failed to provide copies of relevant documents from earlier in the grievance process. See, e.g., Am. Compl. Ex. E, ECF No. 10. On August 11, 2009, the grievance appeal was dismissed, apparently because Jackson had "not provided th[e] Office with required documentation for proper review although [he] was reminded to do so." Am. Compl. Ex. D. In her affidavit, Assistant Chief Grievance Officer Tracy Williams confirmed that the grievance was dismissed due to Jackson's failure to correctly file supplementary material, and that the Secretary's Office of Grievances and Appeals received no other grievances from Jackson in either 2009 or 2010. See Williams Dec. ¶¶ 13–15, ECF No. 69-7. In response, Jackson argued that he attempted to submit the documents, but implied that they were not received and/or were ignored. See, e.g., Pl.'s Br. 3, ECF No. 79.

It is well established that a prisoner's failure to properly comply with the prison's grievance process can lead to procedural default of his claims. See Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004). The regulations in place at the time required:

> [a]n inmate appealing a grievance to final review [to be] responsible for providing the Secretary's Office of Inmate Grievances and Appeals with all required documentation relevant to the appeal. A proper appeal to final review shall include photocopies of the initial grievance, initial review response, the inmate appeal to the Facility Manager, and the Facility Manager's decision. *Failure to provide the proper documentation may result in the appeal being dismissed*.

DC-ADM 804 § VI(D)(1)(g) (2004), ECF No. 69-2 (emphasis added).  While Jackson

claimed that he *did* forward the requested material, he did not go beyond the pleadings

and point to evidence supporting his argument, as he was required to do to survive a

summary-judgment motion.  Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986); see

also Nisenbaum v. Milwaukee Cnty., 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a

complaint are not evidence.").  The affidavit he provided was conclusory, stating only

that he "exhausted [his] grievance to Camp Hill but to no avail."  Jackson Decl. ¶ 9, ECF

No. 83.  And while he attached a May 28, 2010 letter from one David Close in support of

his argument that he submitted the requested documents again following the dismissal of

his grievance, see Jackson Decl. Ex. 24, his attempts to comply with facility instructions

*after* his appeal had been dismissed are of no moment.  In sum, that Jackson failed to

properly exhaust his administrative remedies prior to initiating his lawsuit is not

genuinely in dispute, see Fed. R. Civ. P. 56(a), and the defendants were thus properly

entitled to summary judgment.[2]  Since the suit therefore lacked merit, the District Court

correctly denied Jackson's request for counsel.  See Tabron v. Grace, 6 F.3d 147, 155–56

(3d Cir. 1993).

　　　For the foregoing reasons, and as this appeal presents no substantial question, we

---

[2] We understand the District Court to have dismissed Jackson's property-deprivation due-process claim while granting summary judgment on all other claims.  We agree with the District Court's disposition of the property-deprivation claim, as Jackson was provided a meaningful post-deprivation remedy.  Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) (quoting Hudson v. Palmer, 468 U.S. 517, 533 (1984)).

will summarily affirm the judgment of the District Court.  Murray v. Bledsoe, 650 F.3d

246, 248 (3d Cir. 2011) (per curiam);  see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.