NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2013[*]
Decided November 15, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1438

| | |
|---|---|
| GENERAL ASSOCIATION OF REGULAR BAPTIST CHURCHES, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12 C 1859 |
| HUGH L. SCOTT, Jr., *Defendant-Appellant.* | Robert W. Gettleman, *Judge.* |

**O R D E R**

The General Association of Regular Baptist Churches purchased health insurance from a trust fund operated by Hugh Scott, and it sued him and several trust funds that he operates when they did not pay the Association over $120,000 in benefits. Scott moved to compel arbitration, and the district court denied the motion. The district court's denial of Scott's request to arbitrate is immediately appealable. See 9 U.S.C.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

§ 16(a)(1)(B). Because Scott furnished no evidence that the Association agreed to arbitrate disputes with Scott, we affirm the district court's decision.

The Association offers its employees a health-care benefit plan that it self-funds. Between 2009 and 2011, it bought stop-loss insurance from United Re AG, a trust that Scott runs, to cover insurance expenses above a threshold. After buying this insurance, the Association paid more than $120,000 in covered insurance expenses that Scott and United Re refused to reimburse. The Association sued Scott, United Re, and related trust funds, alleging a Ponzi scheme and seeking damages for, among other claims, fraud, breach of fiduciary duty, and conversion, during 2009 to 2010.

More than four months after the Association sued Scott (and after the court entered a default judgment against United Re and the other trusts), Scott moved to compel arbitration of the Association's dispute against him, citing 9 U.S.C. § 4. He argued that "it is believed the Plaintiff entered into an agreement to participate in the United Re Trust" that required arbitration. The support for Scott's belief consists of an unsigned copy of United Re's standard trust agreement, containing a mandatory arbitration provision, and his declaration that the Association "would have had to sign" it to participate in the trust. The Association responded under oath that it never saw, received, or signed the trust agreement or any agreement with United Re or Scott to arbitrate disputes with them.

The district court denied the motion, reasoning that Scott presented no evidence that the Association agreed to arbitrate. Two weeks later, Scott moved for reconsideration based on purportedly "new" information. Scott explained that, after the court had denied his motion to compel arbitration, he reexamined 32 banker boxes in his garage containing over 500,000 pages of documents and stumbled upon additional materials. He submitted to the court a bundle of unsigned documents and one signed document: an "application" from the Association to participate in the trust. The application covers a two-year period that ends before 2010, the year that this dispute arose, and it does not contain an arbitration clause. The court denied the motion to reconsider, reasoning that none of the new evidence Scott submitted showed that the Association agreed to arbitration.

Scott contends that the district court erroneously refused to compel arbitration and that his new evidence proves an agreement to arbitrate. We review de novo the district court's decision to deny a motion to compel arbitration, *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1033 (7th Cir. 2012); *Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801,

805 (7th Cir. 2003), and we will affirm the denial of a motion to reconsider unless the court abused its discretion, *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). "[I]nsofar as [the district court's] decision rests on findings of fact, . . . we use the clearly erroneous standard." *Reliance Ins. Co. v. Raybestos Prods. Co.*, 382 F.3d 676, 678 (7th Cir. 2004). Substantively, a party seeking to compel arbitration must show a valid arbitration agreement. 9 U.S.C. § 4; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) ("[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute."); *Hawkins*, 338 F.3d at 805; see also *Saturday Evening Post Co. v. Rumbleseat Press, Inc.*, 816 F.2d 1191, 1196 (7th Cir. 1987).

In this case, Scott initially argued that the Association signed an agreement to arbitrate, but he furnished no evidence of it. Without a signed agreement, and in the teeth of the Association's sworn declaration that it never even saw, let alone signed, an agreement to arbitrate, Scott's sole "evidence" was his speculation that the Association "would have had to sign" the agreement. Yet "speculation may not be used to manufacture a genuine issue of fact." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). Thus, the district court properly denied his motion to compel arbitration.

Nor did the district court err in denying Scott's motion for reconsideration. We evaluate Scott's motion under Rule 59(e) because he filed it within 28 days of the order denying arbitration, which technically is a judgment. See FED. R. CIV. P. 54(a) (a "judgment" is any appealable order); *United States v. Deutsch*, 981 F.2d 299, 300–01 (7th Cir. 1992) (a motion filed after judgment within the time permitted under Rule 59(e) is evaluated under that Rule). Under Rule 59, a court may reconsider an order if presented with newly discovered or previously unavailable evidence that the movant could not have found earlier with due diligence. See *Cincinnati Life Ins. Co.*, 722 F.3d at 955. But if a party had sufficient time to furnish the evidence before the court rendered its original decision, a court may find that the party failed to exercise reasonable diligence and deny the motion. *In re Res. Tech. Corp.*, 624 F.3d 376, 388 (7th Cir. 2010).

With reasonable diligence, Scott could have first presented his "new" evidence back when he filed his original motion to compel. Scott had more than four months after the Association sued him to find in his boxes of documents any information relating to the Association. This was sufficient time. See *In re Res. Tech. Corp.*, 624 F.3d at 388 (five-and-a-half weeks was sufficient for a party to discover readily available evidence). In any event, the only document in Scott's new batch of materials bearing the Association's signature covers a two-year period before the time of the dispute in this

case, and even that document does not mention arbitration. Thus, the district court did not abuse its discretion in denying Scott's motion to reconsider.

Accordingly, the decision of the district court is AFFIRMED.