[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-12648

_____

D.C. Docket No. 01-07865-CV-JAL


RUSSELL MUSNICK,

                                        Plaintiff-Appellee,

                    versus


KING MOTOR COMPANY OF FORT
LAUDERDALE, d.b.a. King Auto Mall,


                                        Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(March 28, 2003)**


Before CARNES, HILL and FARRIS[*], Circuit Judges.

_____

   [*] Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

HILL, Circuit Judge:

King Motor Company of Fort Lauderdale appeals the district court's order denying its motion to compel arbitration.

I.

Russell Musnick signed an agreement to arbitrate any discrimination claim he might bring against his employer, King Motor Company of Fort Lauderdale ("King"). The Arbitration Agreement (the "Agreement") provides, in part:

> The prevailing party shall be awarded costs including reasonable attorneys' fees, filing fee, subpoena service and witness fee, deposition and hearing transcription costs and similar expenses, but not including expert fees unless the expert was necessary to establishing or refuting liability. In cases where a party asserts any claim, position or defense, which is not substantially justified by the law or facts, the arbitrator shall award to the opposing party that party's reasonable attorney's fees incurred as a result of that party's defending any such claim, position or defense.

Some time later, Musnick sued King in the district court, claiming religious discrimination in violation of Title VII and Florida Statute § 760.10. Pursuant to the Agreement, King filed a motion to compel arbitration, and stay the judicial proceedings. Musnick opposed the motion, arguing that the provision in the

2

Agreement awarding costs and fees to the prevailing party rendered it unenforceable.

The district court agreed with Musnick, holding that the Agreement's "loser pays" provision denied Musnick a remedy he would have under Title VII if allowed to proceed under the statute.[1]  We review the denial of the motion to compel arbitration *de novo*.  *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1057 (11th Cir. 1998).

## II.

Over the last decade or so, the Courts of Appeals were split on the enforceability of fee-shifting provisions contained in arbitration agreements providing for mandatory arbitration of employment discrimination claims.  At one point, the Court of Appeals for both the District of Columbia and the Tenth Circuit refused to enforce such agreements, holding that they effectively denied the Title VII plaintiff a forum to vindicate his claims.  *Cole v. Burns Int'l Sec. Services*, 105 F.3d 1465, 1484-85 (D.C. Cir. 1997); *Shankle v. B-G Maint. Mgmt., Inc.*, 163 F.3d 1230, 1234-35 (10th Cir. 1999).  We, too, had refused to enforce an arbitration agreement that potentially imposed "high costs" on the employee, holding that

---

[1] The district court's reliance on *Perez v. Globe Airport Sec. Services*, 253 F.3d 1280, 1286 (11th Cir. 2001) in support of its conclusion was misplaced.  At the time of the district court's decision, we had already vacated the *Perez* holding.  294 F.3d 1275 (11th Cir. 2002).  Similarly unavailing is Musnick's continued reliance on this case.  A vacated decision has no effect whatever.  *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002).

such an agreement "undermines the policies that support Title VII." *Paladino*, 134 F.3d at 1062 (citing *Cole* as suggesting a *per se* rule against "fee-shifting" in such arbitrations).

On the other hand, the First, Fifth and Seventh Circuits took the position that the presence of a fee-sharing provision did not automatically render the agreement unenforceable. *Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 170 F.3d 1, 15-16 (1st Cir. 1999); *Williams v. Cigna Fin. Advisors Inc.*, 197 F.3d 752, 764 (5th Cir. 1999); *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 366 (7th Cir. 1999).

Recently, however, the Supreme Court, in reviewing a case from this circuit, made clear that the strong federal preference for arbitration of disputes expressed by Congress in the Federal Arbitration Act (the "FAA") must be enforced where possible.[2] In *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 121 S. Ct. 513 (2000), the Court rejected our conclusion that an arbitration agreement that is silent as to fees and costs is unenforceable because the plaintiff "*might* be required to bear substantial costs of the arbitration." *See Randolph v. Green Tree Fin. Corp.-Alabama*, 178 F.3d 1149, 1158 (11th Cir. 1999) (emphasis added). The

---

[2] In *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001), the Court also made clear that the FAA applies to all arbitration agreements involving interstate commerce, including employment contracts, such as the one at issue here.

4

Court concluded that "an arbitration agreement's silence with respect to such matters does not render the agreement unenforceable." *Id.*

Although acknowledging that, "[i]t may well be that the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum," *id.* at 90, the Court held that the potential financial burden of the *Green Tree* plaintiff was "too speculative" to invalidate the arbitration agreement at issue there. *Id.* at 91. The Court observed that not only was the agreement unclear as to who would bear the arbitration costs, but that the plaintiff there supplied only "unsupported statements" regarding the costs involved. *Id.* at 91 n. 6. The Court made clear that it is the party seeking to avoid arbitration who has the burden to show the likelihood of prohibitive costs, and suggested that, upon a threshold showing, the burden of production of evidence might shift to the party seeking arbitration to counter that showing. *Id.* at 92.

Since *Green Tree*, we have had occasion to revisit this issue. In *Bess v. Check Express*, 294 F.3d 1298 (11th Cir. 2002), we recognized that, under *Green Tree,* a Title VII plaintiff seeking to avoid his agreement to arbitrate his discrimination claim by arguing that prohibitive arbitration costs would undermine his statutory remedy has to *demonstrate* that he is *likely* to bear such costs. 294

F.3d at 1303. We acknowledged that our analysis in *Green Tree*, which relied on the mere *possibility* of prohibitive arbitration costs, was rejected by the Supreme Court, and that, absent a record establishing that the plaintiff "likely will incur prohibitive costs," an agreement to arbitrate must be enforced. *Id.* at 1304.

In *Bess*, the arbitration agreement was silent on the matter of costs and fees. *Id.* at 1303. We held that, under that circumstance, "any discussion of [plaintiff's] potential costs . . . necessarily is based on speculation and cannot provide an adequate basis for concluding that her costs likely would be prohibitively expensive." *Id.* at 1304.

Since *Green Tree*, all but one of the other Circuits that have reconsidered this issue have applied a similar case-by-case approach. *See Thompson v. Irwin Home Equity Corp.*, 300 F.3d 88 (1st Cir. 2002) (adhering to case-by-case approach predating *Green Tree*); *Blair v. Scott Specialty Gases*, 283 F.3d 595, 610 (3d Cir. 2002) ("[T]he mere existence of a fee-splitting provision in an agreement [does not] satisfy the claimant's burden to prove the likelihood of incurring prohibitive costs"); *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 n. 6 (5th Cir. 2002) (adhering to case-by-case approach predating *Green Tree*); *Bradford v. Rockwell Semiconductor Systems, Inc.*, 238 F.3d 549, 556 (4th Cir. 2001) ("appropriate inquiry is one that evaluates whether the arbitral forum in a

6

particular case is an adequate and accessible substitute to litigation, *i.e.,* a case-by-case analysis that focuses, among other things, upon the claimant's ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether that cost differential is so substantial as to deter the bringing of claims"); *Burden v. Check into Cash, LLC*, 267 F.3d 483, 492 (6th Cir. 2001) (*Green Tree* requires party resisting arbitration to show likelihood of prohibitive expenses); *Gannon v. Circuit City Stores, Inc.*, 262 F.3d 677, 683 (8th Cir. 2001) (on remand, district court should consider the plaintiff's arguments in light of *Green Tree* which requires her to show the likelihood of incurring prohibitive expenses in arbitration); *LaPrade v. Kidder, Peabody & Co., Inc.,* 246 F.3d 702, 708 (D.C. Cir. 2001) (upholding arbitration award requiring the plaintiff to pay a portion of the fees and costs, noting that the plaintiff had failed to establish her burden under *Green Tree* that the award had prevented her from attempting to vindicate her rights). In all of these cases, the Court of Appeals either enforced the arbitration agreement, or remanded the case for further fact-finding regarding plaintiff's claim of prohibitive costs.[3]

---

[3]Only one circuit has enunciated a *per se* rule following *Green Tree*. *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 894 n.5 (9th Cir. 2002) (mere presence of fee-shifting provision invalidates agreement). The Seventh Circuit, which reconsidered the issue in *McCaskell v. SCI Mgmt. Corp.*, 298 F.3d 677, 680 (7th Cir. 2002), did not decide it, holding that the defendant-employer was bound by its statement during oral argument that the denial of attorney's fees to a prevailing plaintiff would be "inconsistent" with Title VII.

In view of *Bess* and the overwhelming consensus among the Circuits,[4] it is clear that the district court erred in holding that Musnick cannot be compelled to arbitrate because the "loser pays" provision of the Agreement denies him his statutory rights under Title VII. After *Green Tree*, an arbitration agreement is not unenforceable merely because it may involve some "fee-shifting." The party seeking to avoid arbitration under such an agreement has the burden of establishing that enforcement of the agreement would "preclude" him from "effectively vindicating [his] federal statutory right in the arbitral forum. " 532 U.S. at 90. Absent such a showing, the agreement may be enforced. *Id.* at 91

Thus, the question in this case is whether Musnick met his burden under *Green Tree* and *Bess* to demonstrate that he faces such "high costs" if compelled to arbitrate his claim against King that he is effectively precluded from vindicating his Title VII rights in the arbitral forum. *Green Tree*, 532 U.S. at 90; *Bess*, 294 F.3d at 1304. We hold that he did not.

Under *Green Tree*, Musnick has an obligation to offer evidence of the amount of fees he is likely to incur, as well as of his inability to pay those fees.

---

[4]Even the Tenth Circuit's decision in *Shankle* can be said to support a case-by-case approach since, despite articulating what sounds like a *per se* rule that mandatory fee-splitting "clearly undermines the remedial and deterrent functions of the federal anti-discrimination laws," the court then went on to examine the facts and circumstances of that plaintiff's ability to pay the costs of arbitration and invalidated the agreement because he could not afford to pay for access to the arbitral forum. *See Shankle*, 163 F.3d at 1235; *see also Bradford*, 238 F.3d at 555.

531 U.S. at 96. *See also Blair*, 283 F.3d at 607 ("Green Tree placed the initial burden of proof on the party resisting arbitration to demonstrate that arbitration would be prohibitively expensive by showing 'the likelihood of incurring such costs'"). This Musnick did not do. His affidavit, to which no supplementary documentation is attached, merely recites that:

> I genuinely fear the imposition of attorney's fees from Fisher & Phillips, as I am familiar with their billing sent to King Motors. Fisher & Phillips' hourly rate is high, and I imagine it will be higher when billed to an opponent. . . . I am fearful of a potential attorney's fee award against me. . . . I will be unable to pay.

This showing is wholly inadequate to establish that the arbitration would result in prohibitive costs that force him to relinquish his claim under Title VII. *See Blair*, 283 F.3d at 610 ("[M]ere existence of a fee-splitting provision in an agreement [does not] satisfy the claimant's burden to prove the likelihood of incurring prohibitive costs under *Green Tree*"). He has adduced no evidence whatsoever to support this claim. As a result, the risk alleged by Musnick is simply too "speculative" to render his agreement to arbitrate unenforceable. *Green Tree,* 531 U.S. at 91.

At least one Court of Appeals as well as a number of district courts have enforced mandatory arbitration of Title VII claims where the agreement contained a similar "loser pays" provision, holding the claim of prohibitive costs too

9

"speculative." *See Thompson*, 300 F.3d at 91-92; *Goodman v. ESPE America, Inc.*, 84 Fair Empl. Prac. Cas. 1629 (E.D. Pa. 2001) (citations omitted)*; DeGroff v. MascoTech Forming Technologies Fort Wayne, Inc.*, 179 F. Supp. 2d 896, 910 (N.D. Ind. 2001); *Dowling v. Anthony Crane Int'l*, 2001 WL 378838 (D. Virgin Islands 2001); *Rajjak v. McFrank and Williams*, 86 Fair Empl. Prac. Cas. 737, 4 (S.D.N.Y. 2001); *Witz v. Apps*, 2000 WL 1720434 (N.D. Ill 2000). As one of these courts explained:

> [A]t this point Plaintiff has not been assessed with any fees, nor is it certain that he ever will be. Given these facts, we cannot conclude that the arbitration agreement constitutes a barrier to vindication of Plaintiff's rights. Plaintiff's speculation about prohibitive costs is just that – speculation; this is not enough to invalidate an otherwise enforceable arbitration provision.

*Goodman*, 84 Fair Empl. Prac. Cas. at 64749. We agree.

The sole remaining issue to be resolved is whether we should remand this case to the district court for fact-finding on the issue of "prohibitive costs." We think not.

First, Musnick has had his opportunity to make a record on this issue and he did not. *See Bess*, 294 F.3d at 1309 (directing district court to grant motion to compel since plaintiff failed to made a record as to costs).[5]

---

[5]There was an issue as to whether the claimant had signed the agreement in *Bess*. Our direction to grant the motion to compel was contingent upon the district court's finding that he had. 294 F.3d 1309.

10

More importantly, however, there is no record that could be made at this point. *See Blair*, 283 F.3d at 610 (remand appropriate where claimant *required* to pay one-half of the arbitrator's fees but not where agreement silent as to fees, rendering risk that claimant will incur prohibitive costs too speculative). Whether Musnick will, in fact, incur attorneys' fees in this matter depends entirely on whether he prevails in arbitration. If he does, he will incur no fees at all under the agreement's "loser pays" provision. In this event, obviously, he will not have been deprived of any statutory right or remedy by the mandatory arbitration.[6]

Should he not prevail, he may incur liability for costs and fees.[7] If he believes that liability is excessive or that it deprives him of his statutory remedy, he may seek judicial review. Agreement at 12; *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995) (arbitration awards may be vacated if they are in "manifest disregard of the law"); *Koveleskie*, 167 F.3d at 366 ("[J]udicial review of arbitration

---

[6]There are other possible outcomes of a "loser pays" arbitration that would mirror those under Title VII in district court. *See Rajjak v. McFrank and Williams*, 2001 WL 799766 (S.D.N.Y. 2001).

[7]The Agreement provides that the arbitrator "shall" award costs and fees to the prevailing party. Nevertheless, at least three circuits have held that the arbitrator may determine whether contractual limitations on remedies are enforceable. *Great Western Mortg. Corp. v. Peacock*, 110 F.3d 222, 230-31 (3d Cir. 1997) ("Any argument that the provisions of the Arbitration Agreement involve a waiver of substantive rights afforded by the . . . statute may be presented in the arbitral forum"); *accord Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085-86 (8th Cir. 2001); *MCI Telecommunications Corp. v. Matrix Communications Corp.,* 135 F.3d 27, 33 n. 12 (1st Cir. 1998). Once a dispute is determined to be validly arbitrable, all other issues are to be decided at arbitration. *Peacock*, 110 F.3d at 230. *See also Metro E. Center for Conditioning and Health v. Qwest Communications Int'l, Inc.*, 294 F.3d 924, 929 (7th Cir. 2002).

awards is sufficient to protect statutory rights"). At that point, the district court may make an informed judgment on whether the Agreement deprived him of a statutory remedy by conditioning the exercise of his statutory right on the payment of excessive costs. *See DeGaetano v. Smith Barney, Inc.*, 983 F. Supp. 459, 461 (S.D.N.Y. 1997) (sending claim to arbitration, but subsequently vacating arbitrator's denial of attorney's fees after DeGaetano provided specific evidence that she suffered too much of a transaction cost by substituting an arbitral forum for court).

In the meantime, we decline to decide the validity of the attorney's fees provision. "A court compelling arbitration should decide only such issues as are essential to defining the nature of the forum in which a dispute will be decided." *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085-86 (8th Cir. 2001) (quoting *Great Western Mortg. Corp. v. Peacock,* 110 F.3d 222, 230-31 (3d Cir. 1997)(internal quotation marks omitted); *Thompson*, 300 F.3d at 91. If the arbitrator awards attorney's fees to King, Musnick may challenge this award in federal court. *Werries*, 253 F.3d at 1086 ("Whether federal public policy prohibits an individual from waiving certain statutory remedies is an issue that may be raised when challenging an arbitrator's award"). That issue is not before us now. In reaching a similar result the Seventh Circuit said:

> Arbitration is the correct initial forum for the [plaintiffs] to air their objection to the [loser pays] attorney's fees provision in the arbitration agreement. If an arbitrator does award attorney's fees against the [plaintiffs] the district court would then be in a position to hear their argument that the challenged provision on attorney's fees is unenforceable because it deprives them of a statutory right.

*Thompson*, 300 F.3d at 92. We agree. Once the arbitrator has reached the issues of costs and fees, those items will no longer be speculative, and any issue presented thereby will be ripe for decision.

### III.

Musnick has not met his burden to show that mandatory arbitration of his claim would result in prohibitive costs to him. Accordingly, the decision of the district court to deny King's motion to compel arbitration is reversed and the case is remanded with instructions to grant the motion and stay these proceedings.

REVERSED AND REMANDED