[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 26, 2003
THOMAS K. KAHN
CLERK

_____

No. 03-11334
Non-Argument Calendar
_____

D. C. Docket No. 02-02912-CV-S-NE

KAREN SUMMERS,

Plaintiff-Appellee,

versus

DILLARDS, INC.,
a.k.a. Castner-Knott Dry Goods Co., Inc.
d.b.a. Dillard's

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 26, 2003)

Before BIRCH, DUBINA and GODBOLD, Circuit Judges.

PER CURIAM:

This suit concerns the effect of an attorney fee-shifting clause contained in an arbitration agreement. Karen Summers brought suit under various federal statutes including Title VII, the Age Discrimination in Employment Act of 1967, and state law tort claims against Dillard's, her previous employer. She alleges that Dillard's violated her state and federal constitutional rights by discriminating against her based on her gender and age and retaliating against her for reporting incidents of harassment by the store manager. Dillard's sought to compel arbitration and filed a motion to dismiss, or in the alternative, to stay this action and to compel arbitration.

The district court refused to compel arbitration on the ground that the arbitration agreement violated Title VII because it placed an undue burden on the employee by providing relief for attorneys fees only if the plaintiff completely won at arbitration. The court held that this provision violated Title VII, which allows a partially victorious party to still recover at least partial attorney costs.

The court erred. This case is governed by <u>Musnick v. King Motor Co. of Fort Lauderdale</u>, 325 F.3d 1255 (11th Cir. 2003). In that case the arbitration agreement contained a "loser pays" provision. The employee challenged the enforcement of the arbitration agreement, arguing that the "loser pays" provision denied the remedy he would otherwise have had under Title VII. <u>Id</u> at 1257. On

appeal, this court noted that "a Title VII plaintiff seeking to avoid his agreement to arbitrate his discrimination claim by arguing that prohibitive arbitration cost would undermine his statutory remedy has to *demonstrate* that he is *likely* to bear such costs." Id at 1258 (citing Bess v. Check Express, 294 F.3d 1298, 1303 (11th Cir. 2002). We held that this burden cannot be satisfied by a party's showing that there is a mere possibility that he may have to bear such costs. Id. Thus, a party cannot avoid an arbitration agreement "merely because it may involve some 'fee-shifting'. . . . [He must show] that enforcement of the agreement would 'preclude' him from 'effectively vindicating [his] federal statutory rights in the arbitral forum." Id at 1259 (quoting Green Tree, 531 U.S. at 90). Anything less is too speculative and, upon finding that arbitration is an appropriate forum, the district court must compel arbitration. Id at 1260.

Moreover in Musnick we noted that if a party considers his liability for costs to be excessive or to deprive him of his statutory remedy, he may seek judicial review of the award; "judicial review of arbitration award is sufficient to protect statutory rights." Musnick, 325 F.3d 1261 (quoting Koveleskie v. SBC Capital Markets, Inc., 167 F.3d 361, 366 (7th Cir. 1999). At that stage the issue of costs is ripe, and thus, the district court can make an informed judgment as to whether the appellant's statutory available remedies were hindered by the arbitration. Id.

In the present case the district court refused to compel arbitration because it believed that the fee-shifting clause might harm Summers by limiting her potential recovery under the statute. This concern was too speculative. It is unclear at this time which party may prevail at arbitration and Summers may seek judicial review of an award if she feels that her available remedies were hindered. Musnick, 325 F.3d 1261.[1]

The order denying the motion to stay and compel arbitration is VACATED, and this action is REMANDED to the district court for further proceedings consistent with this opinion.

---

[1] Goggins v. Dillards, No. 03-11333 (11th Cir. Sept. 24, 2003) concerned the same fee-shifting provision involved in the present case. We held that the trial court erred in denying a motion to stay and to compel arbitration. However, we have not relied upon that case as precedent because it was unpublished and has no binding precedential effect in this case. F.R.A.P 11th Cir. R. 36-2. The decision is, however, persuasive and we have considered it to that extent.