[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 23, 2010
JOHN LEY
CLERK

_____

No. 09-14379

_____

D. C. Docket No. 09-00989-CV-T-30-AEP

DOCTORS' ADMINISTRATIVE
SOLUTIONS, LLC,

Plaintiff-Appellee,

versus

ALLSCRIPTS, LLC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 23, 2010)

Before DUBINA, Chief Judge, MARTIN and HILL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellee Doctors' Administrative Solutions, LLC ("DAS") filed

this suit against Defendant-Appellant Allscripts, LLC ("Allscripts") in a Florida

state court, asserting claims for breach of warranty, breach of contract, and tortious interference with prospective business relationships. DAS sought both monetary damages and injunctive relief. Allscripts removed the action to the United States District Court for the Middle District of Florida. After filing its answer to the complaint, Allscripts filed a motion to compel arbitration and stay the proceedings. The district court denied Allscripts' motion and this appeal followed.

## I. BACKGROUND

DAS provides technology-based solutions, including as a value added reseller, for physician practices throughout Florida and the United States. Allscripts provides software, services, information and connectivity solutions to physician practices. A third company, Misys Physician Systems, LLC ("Misys"), provides similar services as Allscripts. The undisputed facts show that DAS has been a reseller for Misys since approximately 2004. On July 31, 2008, at Misys' request, DAS and Misys entered into a partner agreement ("Misys Agreement") that solidified the relationship between the companies and continued to allow DAS to resell Misys products. Nothing in the Misys Agreement prevented DAS from also selling products made by competitors of Misys. According to David Schlaifer, who entered into the Misys Agreement on behalf of DAS, he knew at the time he entered into the agreement that Misys was about to merge with another

company–Allscripts.

> The Misys Agreement contains a written arbitration clause, which provides:

> In case of any and all disputes in connection with the negotiation, execution, interpretation, performance or non-performance of this Agreement, [Misys and DAS] agree to seek non-binding mediation[.] . . . In the event that any such mediation does not produce a settlement, unless the dispute is otherwise settled, the dispute shall be determined by binding and final arbitration in Atlanta, Georgia, by three (3) arbitrators selected by the Parties (or by the American Arbitration Association if the parties cannot agree) in accordance with the law of the State of Georgia and the rules of the American Arbitration Association.

Supp. Record, Tab 2, § 19(d). Section 19(n) of the Misys Agreement provides that "this Agreement shall inure to the benefit and be binding upon the Parties hereto and their respective successors and permitted assigns." Section 19(o) of the Misys Agreement provides that "this Agreement may not be modified or amended except by an instrument in writing signed by the parties or their duly authorized representatives."

Beginning around July 2008, around the same time that DAS entered into the Misys Agreement, DAS began discussing with Allscripts the possibility of DAS becoming a reseller of Allscripts products. At this time, although it had been announced that Misys and Allscripts intended to merge, the merger had not yet taken place. On September 30, 2008, DAS and Allscripts entered into an agreement ("Allscripts Agreement"). Unlike the Misys Agreement, the Allscripts

3

Agreement did not include an arbitration clause.  It did, however, include a provision which provided that venue and jurisdiction for any and all disputes is Hillsborough County, Florida.  Supp. Record, Tab 3, Addendum at ¶ 9.  The Allscripts Agreement also included the following provision:

> [I]n the event Allscripts is acquired by, merges with, or acquires another company . . . with which [DAS] has existing contractual relations as a reseller, channel partner, services provider, or other, the parties agree to use best efforts to timely consolidate such agreements on terms most favorable to [DAS] . . . . Such consolidation shall be completed within 30 days of any such corporate change.  Breach of this provision shall be considered a material breach of this agreement.

*Id.* at Exhibit "F" at ¶ 12.

Misys and Allscripts merged on October 10, 2008.  Subsequent to the merger, Allscripts and DAS attempted to negotiate a new, consolidated agreement as was required by the above-cited provision.  On behalf of DAS, Mr. Schlaifer presented Allscripts with a chart of certain terms he believed should be included in the new agreement, some of which came from the Allscripts Agreement and some of which came from the Misys Agreement.  Not surprisingly, DAS's proposed terms did not include the arbitration provision contained in the Misys Agreement.  Despite efforts to negotiate a new, consolidated agreement, the parties were unable to reach an agreement as to the new terms.  Accordingly, no formal consolidated agreement was ever signed or entered into.  According to Schlaifer, the disputes

4

that arose during the attempt to consolidate the two agreements are a large part of what gave rise to DAS's legal claims in this case.

DAS filed its complaint in April 2009, after the negotiations between Allscripts and DAS failed. DAS asserted claims for breach of warranty, breach of the Allscripts contract, and tortious interference with prospective business relations. DAS sought both monetary and injunctive relief. The case was removed to the district court on May 28, 2009, and Allscripts filed its answer and affirmative defenses on June 11, 2009. In its answer, Allscripts asserted that DAS's claims arose out of or related to the arbitration provision contained in the Misys Agreement and that, pursuant to that arbitration provision and the Federal Arbitration Act ("FAA"), all of DAS's claims were subject to mandatory, binding arbitration. Doc. No. 6, p.7. That same day, Allscripts filed a motion to compel arbitration and to stay the proceedings. Doc. No. 8.

The district court held an evidentiary hearing on Allscripts' motion to compel arbitration on July 29, 2009.[1] After hearing the videotaped deposition testimony of Kelly Schudy, an Allscripts employee, as well as the live testimony of Schlaifer, the district court found that the only issue it had to decide was whether or not the arbitration provision contained in the Misys Agreement would be

---

[1]The full transcript of this hearing can be found at District Court Docket No. 38.

included in the new, consolidated agreement that was required by the consolidation clause of the Allscripts Agreement. Doc. No. 38, p.39. The court noted that this would depend on whether or not the arbitration provision would be "favorable" to DAS. *Id.* at 38-39. After hearing arguments from both parties, the district court ruled as follows:

> I rule that DAS has a right to a new contract, negotiating in good faith within 30 days containing the terms most favorable to DAS, and it remains in dispute what those terms might be; but if the parties can't agree on what those terms are, either side is entitled to try to have the Court or an arbitration panel decide for them what those terms are so that they do have a contract.

*Id.* at 56. However, the district court went on to hold: "But I make a finding that the arbitration provision is not most favorable to DAS and, therefore, would not be a part of the new contract and rule that the new Allscripts Misys company is not entitled to arbitration." *Id.* On August 5, 2009, the district court entered an order denying Allscripts' motion to compel arbitration and stay proceedings for the reasons stated on the record during the evidentiary hearing. Doc. No. 31. Allscripts filed a timely appeal.

The issue on appeal is whether the district court erred in denying Allscripts' motion to compel arbitration and stay proceedings based on its finding that the new, consolidated agreement that was required by the Allscripts Agreement upon the merger of Allscripts and Misys would not contain the arbitration provision

6

from the Misys Agreement because such a provision would not be "most favorable" to DAS.

## II. STANDARD OF REVIEW

This court reviews *de novo* a district court's denial of a motion to compel arbitration. *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 873 (11th Cir. 2005) (citing *Musnick v. King Motor Co. of Ft. Lauderdale*, 325 F.3d 1255, 1257 (11th Cir. 2003)).

## III. DISCUSSION

We affirm the district court's denial of Allscripts' motion to compel arbitration and stay proceedings. However, we need not decide, as the district court did, whether the new, consolidated agreement that was required by the Allscripts Agreement upon the merger would or should contain an arbitration provision. Instead, it is enough to hold that the agreement that governs the disputes in this case is the Allscripts Agreement, not the Misys Agreement. Therefore, the fact that the Misys Agreement contains a written arbitration provision is irrelevant. Instead, all that matters is that the relevant contract–the Allscripts Agreement–undisputably does not contain an arbitration provision. Accordingly, the arbitration agreement that was entered into between the parties does not govern the current dispute and, therefore, is inapplicable. Because there is

no governing arbitration agreement, we conclude that the district court correctly denied Allscripts' motion to compel arbitration.

**AFFIRMED.**