[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10699
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cv-80080-KLR

INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS SYSTEM COUNCIL U-4,

Plaintiff - Appellant,

versus

FLORIDA POWER & LIGHT CO.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 2, 2014)

Before TJOFLAT, JORDAN, and COX, Circuit Judges.

PER CURIAM:

The facts of this case are well known to the parties. In short, Florida Power & Light ("FPL") revoked Michael Kohl's unescorted nuclear access to its Turkey Point nuclear power plant after Kohl was arrested for grand theft. FPL contends that it was required to revoke Kohl's unescorted nuclear access due to certain Nuclear Regulatory Commission ("NRC") regulations, which state that an individual must be "trustworthy and reliable" to maintain unescorted access. The International Brotherhood of Electrical Workers, System Council U-4 ("IBEW") filed a grievance on behalf of Kohl stating that "I Mike Kohl, request that my Nuclear Access be reinstated and I be returned to work and made whole." After filing this grievance, the IBEW filed a Petition to Compel Arbitration in the United States District Court for the Southern District of Florida. While this petition was pending, FPL lifted its revocation of Kohl's unescorted access after the state dropped the grand theft charges. FPL then moved for the district court to dismiss the case for want of subject matter jurisdiction because the case was moot. The district court granted FPL's motion, holding that "[s]ince there is no longer an impediment to Kohl obtaining unescorted access, there is no effective relief the Court could grant via arbitration." (District Court's Order, Doc. 27 at 2). IBEW now appeals.

We review *de novo* a district court's determination of subject matter jurisdiction. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340

(11th Cir. 2011). And we review *de novo* a district court's order denying a motion to compel arbitration. *Musnick v. King Motor Co. of Fort Lauderdale*, 325 F.3d 1255, 1257 (11th Cir. 2003).

IBEW's contention that the district court could not determine whether the underlying grievance itself is moot is without merit. Though cited by neither party, the United States Supreme Court's decision in *Vaden v. Discover Bank*, 556 U.S. 49, 62, 129 S. Ct. 1262, 1273 (2009), makes clear that "a federal court should determine its jurisdiction by 'looking through' a [petition to compel arbitration] to the parties' underlying substantive controversy." *Id.* (citing 9 U.S.C. § 4 (2012)). If a district court lacks jurisdiction over the substantive controversy, it lacks jurisdiction to compel arbitration. *Id.*

But here, the district court incorrectly determined that the underlying controversy was moot. The district court acknowledged that IBEW's grievance on behalf of Kohl "specifically raises the issue of back pay and reinstatement at the Turkey Point facility." (Doc. 27 at 2). Thus, even if the issue of nuclear access is moot, IBEW's request that Kohl be returned to his previous job and receive back pay is not.

In a footnote, the district court examined the issues of back pay and reinstatement, indicating that back pay and reinstatement are "collateral effect[s] of FPL's application of NRC regulations and [are] unrelated to the collective

3

bargaining agreement between FPL and IBEW." (Doc. 27 at 2 n.1).  On remand, the district court should consider only whether the collective bargaining agreement provides the arbitrator with authority to adjudicate this dispute, not issues that go to the merits, such as whether the NRC regulations render FPL's actions unreviewable.  *See, e.g.*, *International Bhd. of Elec. Workers Local 2150 v. NextEra Energy Point Beach, LLC*, --- F.3d ---, No. 13-3851, 2014 WL 3895757 at *4 (7th Cir. Aug. 11, 2014) ("[W]e do *not* hold that the arbitrator may…review and overturn [defendant's] revocation of [plaintiff's] unescorted access privileges….[T]he arbitrator may well find the decision unreviewable….But the potential weakness of [plaintiff's] claim on the merits is no defense to the arbitrability of this dispute, as a threshold question.").

Consequently, we vacate the district court's order denying IBEW's Motion to Compel Arbitration and remand the case to the district court with instructions to determine whether FPL's determination of "access rights" falls within the arbitration provisions of IBEW and FPL's collective bargaining agreement.  *See Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1027 (11th Cir. 2003) (citing *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452, 123 S. Ct. 2402, 2407 (2003) (holding that "gateway matters," such as the scope of an arbitration provision, should be determined by courts and not arbitrators)).

**VACATED and REMANDED WITH INSTRUCTION.**