[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14809
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-02353-TWT

MARQUISHA MATTHEWS,

Plaintiff - Appellee,

versus

ULTIMATE SPORTS BAR, LLC, et al.,

Defendants,

ALRE M. ALSTON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 21, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Alre Alston has filed an interlocutory appeal under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, following the district court's order denying his motions to stay and to compel arbitration in a suit brought in federal district court by Marquisha Matthews, a former waitress at Alston's restaurant, Ultimate Sports Bar, LLC.  Matthews's complaint primarily alleged that the restaurant had failed to pay her minimum wage and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  In response to the complaint, Alston moved to compel arbitration based on an agreement Matthews had signed when she was hired (the "Arbitration Agreement").  Matthews claimed, however, that the Arbitration Agreement should not be enforced because it is "incomplete, indefinite, contradictory and unintelligible," and includes an unconscionable cost-shifting provision and an unconscionable deadline for the arbitration proceedings. The district court summarily denied the motion to compel arbitration, saying only: "This is an FLSA overtime action.  It is before the Court on the Defendant Alston's Motion To Compel Arbitration and to Stay [Doc. 19] which are DENIED."  On appeal, Alston argues that: (1) the Arbitration Agreement is valid, irrevocable, and enforceable; (2) he never waived his right to arbitration; and (3) the district court's summary order denying arbitration does not allow for appellate review and should be vacated.[1]  After careful review, we vacate and remand for further proceedings.

---

[1] Matthews concedes on appeal that she has never argued that Alston waived the right to

2

We review de novo a district court's denial of a motion to compel arbitration.  See Jenkins v. First Am. Cash Advance of Ga., LLC, 400 F.3d 868, 873 (11th Cir. 2005).  Where a district court's order is too summary in nature, we may "undertake our own plenary inquiry into the" issue on appeal if the record is complete and "provides an adequate basis" for our review.  Hall v. Holder, 117 F.3d 1222, 1226 (11th Cir. 1997).  Where, however, the record "wholly fail[s] to provide [us] with an opportunity to conduct meaningful appellate review," we will vacate a district court's order and remand to the district court to consider the case in full and enter a reasoned order.  Danley v. Allen, 480 F.3d 1090, 1091-92 (11th Cir. 2007); see also Clay v. Equifax, Inc., 762 F.2d 952, 957–58 (11th Cir.1985) (collecting cases in which the Supreme Court and our predecessor Court "urged the district court to state the reason for its decision and the underlying predicate").

The FAA evinces a "liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); see also Picard v. Credit Solutions, Inc., 564 F.3d 1249, 1253 (11th Cir. 2009) ("The FAA creates a strong federal policy in favor of arbitration.").  Under this policy, courts "rigorously enforce" arbitration agreements.  Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004) (quotations omitted).  Thus, we've affirmed the district court's grant of a motion to compel arbitration where, like here, employees

---

arbitration in this case, and we do not address it here.

3

brought FLSA claims against their employer.  See Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1364 (11th Cir. 2005); see also Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1334 (11th Cir. 2014) ("After examining the FLSA's text, legislative history, purposes, and . . . Supreme Court decisions, we discern no 'contrary congressional command' that precludes the enforcement of plaintiffs' Arbitration Agreements.").

"[A]rbitration is a matter of contract."  AT&T Mobility LLC v. Concepcion, 563 U.S. ——, 131 S.Ct. 1740, 1745 (2011) (quotation omitted). A contract containing an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  The FAA permits arbitration agreements "to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Concepcion, 131 S.Ct. at 1746 (quotation omitted).  "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 91 (2000).

"[S]tate law generally governs whether an enforceable contract or agreement to arbitrate exists."  Caley, 428 F.3d at 1368.  Under Georgia law, "[a] contract cannot be enforced if its terms are incomplete, vague, indefinite or uncertain."

4

Kitchen v. Insuramerica Corp., 675 S.E.2d 598, 601 (Ga. Ct. App. 2009) (quotation omitted).   A contract is also unenforceable if, "in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract."  NEC Techs., Inc. v. Nelson, 478 S.E.2d 769, 771 (Ga. 1996) (quotations omitted). Unconscionability in Georgia can be either procedural, which "addresses the process of making the contract," or substantive, which "looks to the contractual terms themselves."   Id.   When considering procedural unconscionability, the Georgia courts examine "the age, education, intelligence, business acumen and experience of the parties, their relative bargaining power, the conspicuousness and comprehensibility of the contract language, the oppressiveness of the terms, and the presence or absence of a meaningful choice."  Id. at 772.  As for the substantive element, "courts have focused on matters such as the commercial reasonableness of the contract terms, the purpose and effect of the terms, the allocation of the risks between the parties, and similar public policy concerns."  Id.

Here, Matthews argues that the Arbitration Agreement is unenforceable because it is poorly written and unconscionable.  The district court agreed with Matthews that the Arbitration Agreement is unenforceable, but did so in a summary fashion, without expressing any factual findings or legal conclusions.

5

Even the parties do not agree on the reasons behind the order.  In fact, Matthews'
only explanation for the brevity of the decision is that the language of the
Arbitration Agreement compels its conclusion.  After reviewing the full record, we
remain hard-pressed to discern on what basis the district court relied in denying the
motion to compel arbitration -- especially given the "liberal federal policy favoring
arbitration agreements."  Moses H. Cone, 460 U.S. at 24.  We therefore vacate the
district court's order and remand the case for a full and reasoned order addressing
any and all issues necessary to the court's decision.  See Danley, 480 F.3d at 1091-
92; see also Musnick v. King Motor Co. of Fort Lauderdale, 325 F.3d 1255, 1259
(11th Cir. 2003) (noting that our sister circuits have remanded cases concerning
motions to compel arbitration for further fact-finding); Benoay v. Prudential-Bache
Sec., Inc., 805 F.2d 1437, 1440-41 (11th Cir. 1986) ("We therefore remand this
case to the district court to conduct a more thorough exploration of the validity of
the arbitration issue.").[2]  We identify below some of the issues the district court
may address on remand, depending on how the court rules.

    First, as for Matthews's argument that the Arbitration Agreement is
irreparably "incomplete, indefinite, contradictory and unintelligible," we faced a

---

[2] Even to the extent we've viewed a motion to compel arbitration as akin to a motion for
summary judgment, see Johnson v. KeyBank Nat'l Assoc., 754 F.3d 1290, 1294 (11th Cir.2014)
(describing an order compelling arbitration as "summary-judgment-like"), we've said that
"parties are entitled to know the reasons upon which summary judgments are based, if for no
other purpose than to secure meaningful appellate review."  Hulsey v. Pride Restaurants, LLC,
367 F.3d 1238, 1243-44 (11th Cir. 2004) (quotation omitted).

similar challenge in <u>Blinco v. Green Tree Servicing LLC</u>, 400 F.3d 1308 (11th Cir. 2005), <u>abrogated on other grounds</u>, <u>as recognized in</u> <u>Lawson v. Life of the South Ins. Co.</u>, 648 F.3d 1166, 1171 (11th Cir. 2011). There, the plaintiffs argued that an arbitration clause was unenforceable because it did not specify the identity of the arbitrator, forum, location or allocation of arbitration costs. <u>Id</u>. at 1312–13. We determined that this "incompleteness" did not invalidate the arbitration clause, relying on <u>Green Tree Fin. Corp.</u>, 531 U.S. at 90-91, which held that an arbitration agreement's failure to address fees and costs did not, on its own, invalidate it. <u>Blinco</u>, 400 F.3d at 1313. Thus, the district court may need to address on remand how the agreements in <u>Blinco</u> and <u>Green Tree Fin. Corp.</u> compare to the one here.

The district court may also tackle whether the cost-shifting provision and 30-day deadline found in the Arbitration Agreement make it unconscionable. Indeed, when addressing a cost-sharing provision in an arbitration agreement, we've said that the Supreme Court has "made clear that the strong federal preference for arbitration of disputes expressed by Congress in the [FAA] must be enforced where possible." <u>Musnick</u>, 325 F.3d at 1258. Thus, in <u>Musnick</u>, we held that a "party seeking to avoid arbitration under [an arbitration] agreement has the burden of establishing that enforcement of the agreement would preclude him from effectively vindicating [her] federal statutory right in the arbitral forum." <u>Id</u>. at 1259 (quotation omitted). We are unable to ascertain whether Matthews has done

so here since, <u>inter alia</u>, resolving this issue under Georgia law is a fact-intensive exercise. As we've observed, "[a] finding that enforcing a contract provision would be unconscionable is a finding of an ultimate fact; it is inferred from a variety of circumstances depending on the nature of the case. In a sense, a court must conduct a mini-bench trial to reach the finding." <u>Cappuccitti v. DirecTV, Inc.</u>, 623 F.3d 1118, 1124 (11th Cir. 2010) (footnote omitted). "In most cases, the court will make the finding on the basis of the claims the plaintiff is asserting, the contract documents (including the arbitration clause), the representations of the parties, judicial notice of court judgments, statutes, regulations (such as the amount of state and federal court filing fees), adjudicative facts (<u>see</u> Fed.R.Evid. 201), affidavits, or testimony." <u>Id</u>. at n.16. Yet despite the fact-intensive nature of this question, the district court has made no findings to this effect.

Nor, moreover, do we have any guidance from the district court concerning the severability of any problematic provisions of the Arbitration Agreement. Whether a contract is severable under Georgia law turns on the intent of the parties. O.C.G.A. § 13-1-8(b). Once again, this is a question the district court may address in the first instance.

In short, on this record, we are unable to conduct meaningful appellate review of the enforceability of the Arbitration Agreement. <u>Danley</u>, 480 F.3d at

8

1091-92.  We therefore vacate the district court's order and remand the case for further proceedings consistent with this opinion.

**VACATED and REMANDED.**