[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11004
Non-Argument Calendar

_____

D.C. Docket No. 0:18-cv-61877-FAM

TREVISAN HUDSON,
EDWARD SALVATORE TEAGUE,
FARAZ KHAN,

                                        Plaintiffs - Appellees,

versus

P.I.P. INC.,
WAYNE P. TEAGUE,

                                        Defendants - Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 22, 2019)

Before JILL PRYOR, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

P.I.P., Inc. (PIP) appeals the district court's denial of its motion to compel arbitration in the Fair Labor Standards Act (FLSA) case brought by Hudson Trevisan,[1] Edward Teague, and Faraz Khan (Appellees).  PIP contends the district court erred in denying its motion to compel arbitration because (1) the arbitration provisions do not contain an "unenforceable remedial restriction" as to the recovery of fees and costs, and (2) even if the fees and costs clauses are unenforceable, those clauses are severable under Florida law even without a severability provision.  After review,[2] we affirm in part and vacate and remand in part.

## I.  BACKGROUND

On January 10, 2019, Appellees filed a Third Amended Complaint alleging violations of the FLSA, specifically seeking "recovery of damages" and "interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b)."  On January 22, 2019, PIP filed a "Renewed Motion to Stay Proceedings and Compel Arbitration and Incorporated Memorandum of Law," asking the court to compel arbitration

---

[1]  Both the case caption in the district court and this court have Plaintiff Hudson Trevisan's name as Trevisan Hudson.  As the record documents signed by this Plaintiff are signed by Hudson Trevisan, we refer to him as Hudson Trevisan in the opinion.

[2]  We review de novo both the district court's denial of a motion to compel arbitration, *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 873 (11th Cir. 2005), and the district court's interpretation of an arbitration clause,  *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1243 (11th Cir. 2014).

2

pursuant to the mandatory arbitration clauses in the Employee Commission Agreements (ECAs), signed by Appellees.  Those arbitration clauses provide:

> Any dispute arising out of this agreement shall be resolved by mediation or arbitration, each party agrees, the parties will equally divide cost of mediation.  *Each party to any arbitration will pay its own fees and expense, including attorney fees and will share other fees of arbitration.*  The arbitrat[or] may conduct the hearing in absence of either party.  After notified of such hearing. [sic]

(Emphasis added).  Appellees responded on February 5, 2019, arguing, among other things, that the ECAs improperly denied them of their right to recover fees and costs under the FLSA.  The next day, on February 6, 2019, the magistrate judge issued a report and recommendation (R&R) and noted that PIP "had previously replied to [Appellees'] response to an earlier motion to stay and that [Appellees] had reiterated the same arguments in their response to the renewed motion."  In its previous reply, PIP asserted the arbitration provisions did not preclude an arbitrator from awarding fees to a prevailing plaintiff.

In his R&R, the magistrate judge determined the language of the arbitration provisions plainly prohibited Appellees from recovering their fees and costs, and thus the fees and costs clauses were unenforceable as they contravened the FLSA. The magistrate judge went on to note the arbitration provisions did not contain severability clauses, and that in the absence of a severability clause, the objectionable language could not be severed.  Accordingly, the magistrate judge determined the arbitration provisions were unenforceable in their entirety.

PIP filed objections to the R&R, arguing the fees and costs clauses merely required the parties to "pay their own way" while the arbitration is proceeding, and that nothing in the ECAs prohibited the arbitrator from shifting the fee if and when the Appellees were determined to be prevailing parties. And, even if the fees and costs clauses were unenforceable, the magistrate judge erred in concluding the "objectionable language could not be severed solely because the arbitration clauses do not contain a severability provision." PIP asserted that Eleventh Circuit case law does not hold that any arbitration agreement that contains an unenforceable remedial restriction is completely null and void in the absence of a severability clause. Instead, the court is required to determine whether the unenforceable clauses are severable, which is decided as a matter of state law, here the law of Florida. PIP claimed Florida law allowed an unenforceable clause to be severed as long as the unenforceable clause does not go to the essence of the agreement. Thus, PIP asserted, even if the court were to sever the offending clause, there would still be a valid agreement to resolve employment-related disputes through arbitration.

The district court adopted the magistrate judge's R&R and denied PIP's motion to compel arbitration after concluding the arbitration provisions in the relevant contracts were unenforceable because they denied the Appellees a substantive right under the FLSA—the right to recover fees and costs pursuant to

4

29 U.S.C. § 216(b).  Furthermore, the court concluded that because the arbitration provisions did not provide for severability, the arbitration provisions were unenforceable in their entirety.

## II.  DISCUSSION

### A.  *Whether the fees and costs clauses are unenforceable*

Appellees' Third Amended Complaint seeks "recovery of damages . . . and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b)." The FLSA provides for reasonable attorney's fees and costs of the action if the plaintiff is successful, stating, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).

A "party seeking to avoid arbitration . . . has the burden of establishing that enforcement of the agreement would 'preclude' him from 'effectively vindicating his federal statutory right in the arbitral forum.'"  *Musnick v. King Motor Co. of Ft. Lauderdale*, 325 F.3d 1255, 1259 (11th Cir. 2003) (quoting *Green Tree Fin. Corp.- Ala. v. Randolph*, 531 U.S. 79, 90 (2000)) (alteration omitted).  Appellees contend the arbitration provisions improperly deny them their statutory right to recover fees and costs under the FLSA.

The district court did not err in concluding that the statement "[e]ach party to any arbitration *will* pay its own fees and expense, including attorney fees and will

5

share other fees of arbitration," does not leave any discretion with the arbitrator to award fees and costs.  (Emphasis added).  We have held the terms of an arbitration clause regarding remedies must be "fully consistent with the purposes underlying any statutory claims subject to arbitration."  *Paladino v. Avnet Comput. Techs., Inc.*, 134 F.3d 1054, 1059 (11th Cir. 1998).   Thus, the clause providing that each party will pay its own fees and costs is unenforceable, as the FLSA allows fees and costs as part of a plaintiff's award.  *Id.* at 1062 ("When an arbitration clause has provisions that defeat the remedial purpose of the statute, . . . the arbitration clause is not enforceable."); 29 U.S.C. § 216(b).

PIP cites *Musnick*, asserting that case provides it is too speculative to reach a decision on attorney's fees before the arbitrator decides the issue and before a motion seeking judicial review of the arbitrator's award is filed before this court. 325 F.3d at 1260-61.  However, the issue in *Musnick* was different—the potential high costs to an employee in a Title VII case if he lost the arbitration because the arbitration agreement had a fee-shifting "loser pays" provision.  325 F.3d at 1257. And a loser's pay provision does not defeat the remedial purpose of Title VII, as a plaintiff, if successful, would still be awarded fees and costs as provided by the statute.  *See* 42 U.S.C. § 2000e-5(k).  Here, in contrast, the fees and costs clause defeats the purpose of the FLSA's attorney's fees and costs provisions—a

mandatory "pay your own" fees and costs clause removes the arbitrator's ability to award a plaintiff what is provided by statute if the plaintiff is successful.

Appellees have met their burden of establishing that enforcement of the fees and costs clauses in the arbitration provisions would preclude them from effectively vindicating their federal statutory rights in the arbitral forum. *See id.* at 1259. Thus, the district court did not err in concluding the fees and costs clauses are unenforceable.

## B. *Severability*

The district court then reasoned that if the arbitration provisions contained a severability clause, the offending clauses could potentially be severed. Because the ECAs did not contain a severability provision, the court stated the objectionable language could not be severed and determined the arbitration clauses were unenforceable in their entirety.

However, we have rejected the proposition that an "arbitration agreement that contains an unenforceable remedial restriction is completely null and void unless it also contains a severability clause." *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1331 (11th Cir. 2005). Instead, if a provision is "not enforceable, then the court must determine whether the unenforceable provisions are severable. Severability is decided as a matter of state law." *Id.*

Our law does not support that an arbitration provision is unenforceable in its entirety if it contains an offending clause and lacks a severability provision.  *Id.*  The district court did not go on to the next step to address whether the unenforceable clauses were severable as a matter of Florida law, despite PIP arguing this issue in its objections to the R&R.  Thus, we remand to the district court to decide in the first instance the issue of whether the offending clauses are severable under Florida law.

## III.  CONCLUSION

We affirm the district court's conclusion the fees and costs clauses of the arbitration provisions are unenforceable.  However, we reverse the district court's conclusion the arbitration provisions are unenforceable in their entirety solely because they lack a severability provision, and remand for the district court to determine whether the fees and costs clauses are severable as a matter of Florida law.

**AFFIRMED in part, REVERSED and REMANDED in part.**