[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-12037
Non-Argument Calendar

————————————————

D.C. Docket No. 6:19-cv-01723-WWB-GJK

JESSICA GRAULAU,

                                                          Plaintiff-Appellant,

versus

CREDIT ONE BANK, N.A.,
a foreign corporation,

                                                          Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(May 6, 2021)

Before LAGOA, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Jessica Graulau, proceeding pro se,[1] appeals the district court's order (1) dismissing Plaintiff's civil action against Defendant Credit One Bank, N.A. ("Credit One") and (2) referring Plaintiff's case to arbitration. In her complaint, Plaintiff asserted against Credit One violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277 ("TCPA"), and of the Florida Consumer Collection Practices Act, Fla. § 559.72 ("FCCPA"). No reversible error has been shown; we affirm.

This appeal arises from alleged attempts by Credit One to collect Plaintiff's consumer debt. Plaintiff says she -- over a period of fifteen months -- received thousands of robocalls from Credit One, despite having instructed Credit One's agents to stop calling her.

In January 2018, Plaintiff filed a counseled complaint against Credit One, asserting violations of the TCPA and the FCCPA ("Graulau I"). The parties later filed a "Joint Stipulation Dismissing and Referring Case to Arbitration." In pertinent part, the joint stipulation provided that "Plaintiff, through counsel, . . . agrees this case is subject to arbitration pursuant to the cardholder agreement."

---

[1] We read liberally briefs filed by pro se litigants. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

2

The parties requested that the district court dismiss the case and refer the matter to binding arbitration. On 10 April 2018, the district court entered an order referring Graulau I to arbitration and dismissing the case.

Then, in September 2019, Plaintiff filed pro se the civil action underlying this appeal. Plaintiff again asserted against Credit One claims for violation of the TCPA and the FCCPA based on the same factual allegations asserted in Graulau I. Plaintiff alleged that she had been unable to file an arbitration demand due to a lack of financial resources.

Credit One moved to dismiss Plaintiff's complaint and to enforce the 10 April 2018 order entered in Graulau I.

A magistrate judge issued a report and recommendation ("R&R"), recommending that the district court grant Credit One's motion, refer Plaintiff's claims to arbitration, and dismiss the case. The magistrate judge noted the parties' joint stipulation in Graulau I that Plaintiff's claims against Credit One were subject to binding arbitration. The magistrate judge then determined that Plaintiff had failed to show that arbitration would be prohibitively expensive or that enforcement of the arbitration agreement would preclude Plaintiff from effectively vindicating her rights. Plaintiff filed no timely objections to the R&R.[2]

---

[2] Generally speaking, a party that fails to object to the magistrate judge's R&R waives the right to challenge on appeal a district court's order based on the unobjected-to factual and legal

The district court adopted the R&R, granted Credit One's motion, ordered Plaintiff to "submit to arbitration in accordance with the Joint Stipulation," and dismissed the case.

We review de novo a district court's order compelling arbitration. See Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1321 (11th Cir. 2001).

Through the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), Congress "declare[d] a national policy favoring arbitration of claims that parties contract to settle in that manner." See Burch v. P.J. Cheese, 861 F.3d 1338, 1345 (11th Cir. 2017) (quotation omitted). We have said that this "strong federal preference for arbitration of disputes . . . must be enforced where possible." See Musnick v. King Motor Co., 325 F.3d 1255, 1258 (11th Cir. 2003). Among other things, the FAA authorizes a district court "to issue an order compelling arbitration if there has been a failure, neglect, or refusal to comply with an arbitration agreement." Id. (citing 9 U.S.C. § 4).

In ruling on a motion to compel arbitration pursuant to section 4 of the FAA, a district court follows a two-step inquiry. Klay v. PacifiCare Health Sys., Inc.,

---

conclusions. See 11th Cir. R. 3-1. That waiver rule does not apply in this case, however, because the R&R never informed Plaintiff about the time for objecting and about the consequences on appeal for failing to object. See id.

4

389 F.3d 1191, 1200 (11th Cir. 2004).  First, the district court must "determine whether the parties agreed to arbitrate the dispute."  Id.  If so, the district court must then determine "whether 'legal constraints external to the parties' agreement foreclosed arbitration.'"  Id.

About the first step, that Plaintiff and Capital One agreed to arbitrate the matters at issue in this case is clear.  In Graulau I, the parties stipulated that Plaintiff's claims -- claims identical to those asserted in this case -- were subject to binding arbitration under the applicable cardholder agreement.

Nevertheless, Plaintiff now contends that the arbitration agreement is unenforceable for these reasons: (1) Credit One waived its right to arbitration; (2) Plaintiff lacks the financial resources to pay the costs of arbitration; and (3) Plaintiff's claims are exempt from arbitration under 28 U.S.C. § 654(a) and Middle District of Florida Local Rule 8.02(a).  We are unpersuaded.

First, nothing evidences that Credit One waived its right to arbitration.  To establish waiver, a party must show two things: "(1) the party seeking arbitration substantially participated in litigation to a point inconsistent with an intent to arbitrate; and (2) that this participation resulted in prejudice to the opposing party."  Burch, 861 F.3d at 1350.  Never has Credit One engaged in substantial participation in this litigation.  To the contrary -- in both this case and in Graulau I

5

-- Credit One's conduct consisted only of efforts to enforce the arbitration agreement.

Plaintiff's argument about the cost of arbitration also fails. An arbitration agreement may be rendered unenforceable when arbitration would be prohibitively expensive. See Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 90 (2000). The party seeking to avoid arbitration based on cost bears the "burden of establishing that enforcement of the agreement would preclude him from effectively vindicating his federal statutory right in the arbitral forum." Musnick, 325 F.3d at 1259 (quotations and alterations omitted). To satisfy this burden, a party "has an obligation to offer evidence of the amount of fees he is likely to incur, as well as of his inability to pay those fees." Id. at 1260.

Here, Plaintiff offered no specific evidence about the costs she might incur in arbitration. Plaintiff's mere conclusory assertion that she lacks the financial resources to pay for arbitration is not enough to invalidate the arbitration agreement. See Musnick, 325 F.3d at 1260 (in deciding the enforceability of an arbitration agreement's fee-shifting provision, concluding a statement that plaintiff would "be unable to pay" a potential award of attorney's fees was speculative and "wholly inadequate to establish that the arbitration would result in prohibitive costs that force him to relinquish his claim under Title VII.").

6

We also reject Plaintiff's arguments under 28 U.S.C. § 654 and the Middle District of Florida's local rules: provisions that are inapplicable to the FAA-based arbitration agreement at issue in this case. <u>See</u> 28 U.S.C. § 651(e) (the statutory provisions in 28 U.S.C. §§ 651 <u>et seq</u>. "shall not affect title 9, United States Code."); M.D. Fla. Local Rule 8.01(a) (repealed 1 February 2021) (implementing rules in accord with 28 U.S.C. §§ 651-58).

Plaintiff has failed to show that the parties' arbitration agreement is invalid or unenforceable. We affirm the district court's order dismissing the case and referring the case to arbitration.

AFFIRMED.